Settle order upon notice.

---

(121 App. Div. 145)

### BIEDLER v. MALCOLM et al.

(Supreme Court, Appellate Division, Second Department. July 9, 1907.)

1. MORTGAGES—FORECLOSURE—PLEADING—ANSWER—SUFFICIENCY.

A separate defense in an action to foreclose a mortgage, which merely contains an allegation of a failure of consideration for an assignment of the mortgage to the plaintiff, but contains no allegation showing that the defendant has any interest in that question, is insufficient.

2. USURY—PERSONAL NATURE OF DEFENSE—MORTGAGE FORECLOSURE—ASSIGNMENT OF MORTGAGE TO PLAINTIFF.

A separate defense and counterclaim in an action to foreclose a mortgage, which alleges that the mortgage was assigned to the plaintiff as security for a usurious loan, but fails to contain any allegation showing the interest of the defendant, is insufficient, since a stranger cannot attack a transaction for usury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Usury, § 364.]

3. PLEADING—REFERENCE FROM ONE DEFENSE TO ANOTHER.

Resort cannot be had to other parts of the answer in aid of a separate and distinct defense, but it must contain every allegation essential to make out a defense or counterclaim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 193.]

Appeal from Special Term, Kings County.

Action by Frank R. Biedler against Richard L. Malcolm, impleaded with others. From an interlocutory judgment for defendant Malcolm, plaintiff appeals. Modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Isaac W. Goodhue (Andrew C. Troy, on the brief), for appellant. Terry Parker, for respondent.

MILLER, J. The plaintiff appeals from an interlocutory judgment overruling a demurrer to three separate and distinct affirmative defenses alleged in the respondent's answer, two of which are also pleaded as counterclaims. The ground of the demurrer is that as defenses they are insufficient in law upon the face thereof, and that as

counterclaims they do not allege facts sufficient to constitute a cause of action.

The plaintiff, as assignee of the mortgage, sues to obtain foreclosure. The complaint makes no reference to said respondent, but he was permitted to intervene and interpose an answer. The first defense and counterclaim demurred to alleges a prior assignment to said respondent of the mortgage sought to be foreclosed, and notice thereof to the plaintiff at the time of the alleged assignment to him, and the demurrer to it was therefore properly overruled.

The second alleged affirmative defense demurred to merely contains an allegation of a failure of consideration for the assignment to the plaintiff; but, as it contains no allegation showing that the respondent has any interest in that question, the demurrer to it should have been sustained.

The third defense and counterclaim demurred to alleges that said mortgage was assigned to the plaintiff as security for a usurious loan; but that fails to contain any allegation showing the interest of said defendant, and it is well settled that a stranger cannot attack a transaction for usury.

Resort cannot be had to other parts of the answer in aid of a separate and distinct defense, but it must contain every allegation essential to make out a defense or counterclaim as the case may be. For this reason the demurrer to the second separate defense and to the third separate defense and counterclaim should have been sustained.

The judgment should be modified accordingly.

Interlocutory judgment modified in accordance with opinion of MILLER, J., and, as modified, affirmed, with costs. All concur.