# SCRIBNER v. STRAUS et al., TRADING AS R. H. MACY & COMPANY.

# CHARLES SCRIBNER'S SONS, INCORPORATED, APPELLANT, v. SAME.

## APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 204, 205.　Argued April 16, 1908.—Decided June 1, 1908.

*Bobbs-Merrill Co.* v. *Straus, ante,* p. 339, followed as to construction of § 4952, Rev. Stat., and the extent of the exclusive right to vend thereby granted to the owner of a statutory copyright.

Where the jurisdiction of the Circuit Court is invoked for the protection of rights under the copyright statute that court cannot consider questions of contract right not dependent on the statute where diverse citizenship does not exist, or if it does exist, where the statutory amount is not involved.

Both the courts below having found that there was no satisfactory proof to support complainants' claim against defendants for contributory infringement by inducing others to violate contracts of conditional sale this court applies the usual rule and will not disturb such findings.

147 Fed. Rep. 28, affirmed.

THE facts are stated in the opinion.

*Mr. Stephen H. Olin,* for appellants, submitted.

*Mr. John G. Carlisle,* with whom *Mr. Edmond E. Wise* was on the brief, for appellees.

MR. JUSTICE DAY delivered the opinion of the court.

These actions were submitted at the same time and admittedly involve the same questions of law. The suits were brought, the one by a partnership, as Charles Scribner's Sons,

and the other by a corporation, Charles Scribner's Sons, incorporated, against R. H. Macy & Company, to restrain the selling at retail of the complainant's books, copyrighted under the laws of the United States, at prices less than those fixed by complainants, and from buying such copyrighted books except under the rules and regulations of the American Publishers' Association. The learned counsel for the appellants in this case, by consent, filed a brief in the case of *Bobbs-Merrill Company* v. *Isidor Straus and Nathan Straus, Partners as R. H. Macy & Co., No.* 176, just decided, *ante,* p. 339. So far as the same questions are involved the decision in No. 176 is pertinent to this case, and these cases are controlled by the rulings made in that case.

The defendants carried on a department store. Among other things they sold books at retail, some copyrighted and some not. In the year 1901 the American Publishers' Association was formed among certain publishers of copyrighted books, and in their agreement is found the following:

"III. That the members of the association agree that such net copyrighted books, and all others of their books, shall be sold by them to those booksellers only who will maintain the retail price of such net copyrighted books for one year, and to those booksellers and jobbers only who will sell their books further to no one known to them to cut such net prices, or whose name has been given to them by the association as one who cuts such prices, or who fails to abide by such fair and reasonable rules and regulations as may be established by local associations as hereinafter provided."

Scribner's Sons' catalogue, invoices and bill of goods contained the following notice:

"Copyrighted net books published after May 1, 1901, and copyrighted fiction published after February 1, 1902, are sold on condition that prices be maintained as provided by the regulations of the American Publishers' Association."

In the case of a new publisher, notice was given by correspondence and by sending a blank, as follows:

"American Publishers' Association.

—— —, 190—.

"In consideration of discount allowed on books bought from —— —— we hereby agree that for one year from date of publication we will not sell net books at less than the retail prices fixed by the respective publishers, nor fiction published after February 1, 1902, at a greater discount than twenty-eight per cent at retail, as provided by the rules of the American Publishers' Association. We further agree that we will not sell books published by members of the American Publishers' Association to any dealer known to us to cut prices of net books or of new fiction, except as above provided."·

The new publisher was required to execute this pledge before deliveries were made, although if dealers refused to sign the trade was still allowed to sell to them and would sell to them. If a new member made application for books, such application was referred to the association, and the agreement executed before deliveries were made.

Macy & Company refused to enter the association or to be bound by its rules. They sold books at less than the prices fixed by the association, and bought books from other dealers, including publications of complainants, and sold them at less prices than those fixed by the association. And they purchased from dealers who knew that Macy & Company intended to sell at such prices.

Upon the theory that Macy & Company had notice of these agreements, it was sought to hold them as copyright infringers. Both the Circuit Court (139 Fed. Rep. 193) and the Court of Appeals (147 Fed. Rep. 28) held that there was nothing in any of the notices of a claim of right or reservation under the copyright law, and held that the question was one of the right of the complainants to relief in a court of equity by virtue of their rights, independent of statutory copyright, in view of the alleged conditional sale embodied in the notice as to the copyrighted book. The Circuit Court of Appeals held, rightfully as we think, that this question was not open in the case,

as in the first case there was no diversity of citizenship, nor in either case a claim of damages in the sum of $2,000, requisite to confer jurisdiction of questions of rights independent of the copyright statutes.

Upon the allegations of the bill as to alleged contributory infringement of the copyright, that the defendant had induced and persuaded sundry jobbers and dealers who had obtained copyrighted books from the complainants to deliver the same to the defendant for sale at retail at less than the prices fixed by the complainants, and in violation of the agreement upon which the books were obtained, both the Circuit Court and the Circuit Court of Appeals held that there was no satisfactory proof that the defendant did thus induce any person to break his agreement with the complainants. It is contended in the brief of the complainants that these findings are opposed to the weight of the testimony, and particularly violate the admissions of the answer, but we think, taking the answer altogether, it did deny the allegations of the complaint as to the conduct of the defendant in inducing dealers to violate their agreements.

Upon the question of fact involved in this branch of the case both courts below found against the contention of the complainants in this respect, and, applying the usual rule in such cases, we find no occasion to disturb such findings.

The decrees of the Circuit Court of Appeals in both cases are

*Affirmed.*