FRANK KEIPER, Plaintiff, *v.* JOSEPH AMICO, GEORGE J. TODARO and ELECTROMATIC SHOE MACHINERY CORPORATION, Defendants.

Supreme Court, Monroe County, June 4, 1940.

*Werner, Harris & Tew* [*Hugh J. O'Brien* of counsel], for the plaintiff.

*George N. Doddato,* for the defendant George J. Todaro.

VAN VOORHIS, J. The contention that the Federal courts have exclusive jurisdiction of the action on the ground that it involves a patent is untenable. This is an action to foreclose a mortgage upon a patent and does not involve its validity. Both parties here concede that the patent is valid, and the action arises under the mortgage and not under the Federal patent law. (*Luckett v. Delpark, Inc.,* 270 U. S. 496, 502, 503; *Globe Steel Abrasive Co.* v. *National Metal Abrasive Co.,* 101 F. [2d] 489; *Waterman* v. *Mackenzie,* 138 U. S. 252; *Wise* v. *Tube Bending Machine Co.,* 194 N. Y. 272; *New Era Electric Range Co.* v. *Serrell,* 252 id. 107; *Middlebrook* v. *Broadbent,* 47 id. 443; *Hyatt* v. *Ingalls,* 124 id. 93.) Plaintiff's motion for judgment is denied, however, inasmuch as defendant Todaro by his answer puts the plaintiff to his proof to establish the existence of the mortgage of the patent applications and denies other material allegations of the complaint, including non-payment of the debt by the defendant Amico who is alleged

to be the person liable therefor. A claim of payment may be an affirmative defense where it is interposed by the party who is asserted to have paid, but the rule is otherwise where the interests of a third party are involved against whom a plaintiff is entitled to proceed only in event that payment has not been made by some-one else. The substantial reason (considered apart from the technical history of the rule) under which the burden of pleading and proving payment is imposed upon a defendant is that he is in the best possible position to establish what he himself claims to have done in making the payment; it was not intended to relieve a plaintiff from the burden of proving that an obligation has not been met by the person obligated to make it where proof of that fact is a condition precedent to charging another. (*Knapp* v. *Roche*, 94 N. Y. 329.)

Although Todaro fails to set forth affirmatively what his interest is, which was held to be a fatal defect in *Biedler* v. *Malcolm* (121 App. Div. 145) in the case of a defendant who intervened on his own application, nevertheless in this action Todaro was joined by plaintiff as a party. Having joined him, the plaintiff cannot be heard to deny that he has sufficient standing to contest the allegations of the complaint. A general denial is not frivolous. Plaintiff might have invoked rule 113 of the Rules of Civil Practice and supported his complaint by affidavits showing evidentiary facts which would have put defendants to their proofs to satisfy the court that a triable issue exists. Not having done so, the answer is sufficient to preclude a judgment in favor of the plaintiff upon the pleadings.

The defendant's motion to dismiss the complaint under rules 113 and 114 of the Rules of Civil Practice is denied inasmuch as the State court has jurisdiction, and the action is no longer premature. Assuming that plaintiff did grant an extension of the mortgage debt to May 1, 1940, that date has expired without payment being made. This is a foreclosure suit which is equitable in nature, and, therefore, the facts are to be regarded as they exist at the time of the decree rather than when the action was commenced.

Orders may enter denying both motions without prejudice, however, to a further motion by the plaintiff based upon rule 113.