REPUBLIC PICTURES CORP. v. SE-
CURITY–FIRST NAT. BANK
OF LOS ANGELES.

No. 13044.

United States Court of Appeals,
Ninth Circuit.

June 11, 1952.

Loeb and Loeb, Herman F. Selvin, Saul N. Rittenberg, Harry L. Gershon, Los Angeles, Cal., for appellant.

Louis E. Swarts, Los Angeles, Cal. (Pacht, Tannenbaum & Ross, Stuart L. Kadison, Los Angeles, Cal., of counsel), for appellee.

Samuel B. Stewart, Jr., San Francisco, Cal., Hugo A. Steinmeyer, Robert Van Buskirk and Robert H. Fabian, Los Angeles, Cal., Joseph S. Dubin, Universal City, Cal., amicus curiae for Bank of America Nat. Trust & Savings Assn.

Before STEPHENS, HEALY and GOODRICH (sitting by designation), Circuit Judges.

GOODRICH, Circuit Judge:

This case presents a single but legally and commercially important issue. The question to be decided is whether a federal court has jurisdiction to foreclose a mortgage on a copyright. The district judge in a thoroughly considered opinion, 97 F. Supp. 360, came to the conclusion that the answer was yes. We disagree with his result. But we certainly agree that the question is neither free from difficulty nor of a kind where one can get a clear and unmistakable answer through the use of legal litmus paper.[1]

 The appellant's brief begins with a very startling proposition. It asserts that "No rule is better established * * * that in any given case, a federal court is presumptively acting in excess of its jurisdiction." Ordinarily an incorrect statement of law which does not help or hurt the outcome of a case could well be disregarded in silence and passed by. But this one makes the judicial throat gulp just a little too hard to swallow it. We are well aware of the long known statement that a good judge seeks to enlarge his jurisdiction but we had never thought that all of us in the federal

[1.] The way the case involved in this appeal arises is as follows: Appellee was the mortgagee under a chattel mortgage executed by Pre-Em Pictures, Inc. to secure the repayment of certain advances. The mortgage covered all copyrights obtained on a motion picture photoplay based on a story entitled "A Song For Miss Julie." Pre-Em defaulted in the repayment of the advances and appellee filed an action against it and others in the federal court seeking to foreclose the mortgages. A decree of foreclosure was entered and became final. The properties were sold to appellee at public auction by the United States Marshal and his certificate of sale recorded in the Copyright Office and the Office of the Los Angeles County Recorder.

There was concededly no diversity of citizenship in the foreclosure action. The defendant, and now appellant in this case, is the distributor of the motion picture under an agreement with an assignor of the mortgagor. It has refused to recognize the title appellee claims in the motion picture on the ground that since no diversity of citizenship existed in the foreclosure action the court was without jurisdiction to enter the decree.

The present action for declaratory relief was instituted by plaintiff (Security-First National Bank of Los Angeles) and the parties are all agreed that the sole question involved is the jurisdiction of the federal court in the foreclosure action.

judiciary were so eager to do so as to raise a presumption that we are always acting outside the authority conferred upon us by the Constitution and Congress. The quoted statement is grossly incorrect. It makes not the slightest contribution to the solution of the case and having paid our respects to its incautious author, we pass on to the real business here involved.

We start with the statute. 28 U.S.C. § 1338(a) says:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

Add to that 17 U.S.C. § 28 which provides:

"Copyright secured under this title or previous copyright laws of the United States may be assigned, granted, or mortgaged by an instrument in writing signed by the proprietor of the copyright, or may be bequeathed by will."

The foreclosure of a mortgage is, no doubt, a civil action. Does it arise under any act of Congress "relating to patents, copyrights and trade-marks" simply because Section 28 just quoted provides that a copyright may be mortgaged? The words "relating to" are vague words and we find no help from the dictionary in answering our question.[2]

Nor do we get any help from legislative history on this matter of Section 28. Through the courtesy of counsel for the appellee we have a photostatic copy of the House Committee report, 2nd Session, 60th Congress on the "Act To Amend and Consolidate the Acts Respecting Copyright." With regard to Section 42 of the statute (now 17 U.S.C. § 28), the committee report laconically states:

"Section 42 deals with the matter of the transfer of the copyright. Some doubt has been expressed as to the right to convey a copyright in mortgage. Your committee saw no reason why such a right should not be recognized."

We think if there is any significance in this paragraph it is the committee's statement that "some doubt" had been expressed. It did not find that the right of copyright could not be mortgaged prior to the statute. The fact that commercial financing had never got around to the place where copyrights were considered suitable security does not prove that the right may not have existed all the time.

One more comment and we pass from the words of Section 28. Note that the section also provides that a copyright may be bequeathed by will. Would not the argument for federal jurisdiction in the case before us be equally available to urge that a federal court had jurisdiction to decree the validity and construction of a will and possibly even to order distribution, if the will bequeathed a copyright belonging to the testator?

When we consider the question from a wider aspect, we think all of the analogies point to the conclusion that federal jurisdiction does not exist in the case before us. It is not just because a right has its origin in federal law that a federal court has jurisdiction over matters which grow from that right. A large number of land titles in this country originate with a grant from the United States of America. Yet no one would now seriously claim that federal courts had authority to hear and decide litigation involving disputes among persons claiming the land because of the original grant by the United States.[3]

2. E. g., Webster's New International Dictionary (2nd ed.) defines "relate" as: " * * * 3. To connect or bring into relation; to show the relation of; to establish relationship between; as, to relate one word to another from the same stem; * * *"
 The New Century Dictionary: " * * * to bring into or link in association, connection, or relation * * * establish a connection or relation between * * *"

3. See Puerto Rico v. Russell & Co., 1933, 288 U.S. 476, 484, 53 S.Ct. 447, 77 L.L.Ed. 903; Barnett v. Kunkel, 1924, 264 U.S. 16, 20, 44 S.Ct. 254, 68 L.Ed. 539; Shulthis v. McDougal, 1912, 225 U.S. 561, 570, 32 S.Ct. 704, 56 L.Ed. 1205.

There are many Supreme Court decisions which in a variety of situations point out that the jurisdiction of federal courts is not to be extended by implication from the fact that some right involved originated under United States law.[4]

There are analogies pointing to a lack of jurisdiction which we think are very strong. It is to be noted that patents, copyrights and trade-marks are all mentioned in the same statute and string along together. The law is perfectly clear that matters having to do with assignment of patents and the like do not fall into the jurisdiction of federal courts because patents are granted under federal and not state law.[5]

We find another analogy in the act dealing with preferred ship mortgages. The Federal Ship Mortgage Act of 1920, 46 U.S.C.A. §§ 911–984, 41 Stat. 1000, created a new type ship mortgage. The Act creating the new mortgage also spelled out in detail that federal jurisdiction was available for foreclosure. 46 U.S.C.A. § 951. It also provided an explicit manner of foreclosure covering such elements as notice, receivers, priorities, expenses and costs, etc. This demonstrates rather clearly that when Congress intends to make federal courts available for the foreclosure of mortgages created by federal law it knows how to do it.

It is also clear that federal courts have no jurisdiction over ship mortgages not created under this Act. See Detroit Trust Co. v. The Thomas Barlum, 1934, 293 U.S. 21, 33, 55 S.Ct. 31, 79 L.Ed. 176.

We think the conclusion is that, in addition to general statements of restriction on federal jurisdiction in the absence of a clear grant, all the analogies growing out of collateral matters having to do with rights created by federal law point to the absence of federal court authority here.

While decisions in state courts are not controlling in this case, we regard them as helpful and note that several New York and California state courts decisions support our own view. See Keiper v. Amico, 1940, 174 Misc. 211, 20 N.Y.S.2d 480; Pendleton v. Ferguson, 1940, 15 Cal.2d 319, 101 P.2d 81, 688; Davis v. Kittle Mfg. Co., 1933, 134 Cal.App. 254, 262, 25 P.2d 253.

We have not discussed, although the parties did, what remedies are applicable to a holder of this tpye of security in any California court. We have not discussed the matter because we do not think it is relevant. It seems to us, without thorough examination of the matter, that the appellee's fears of not being able to get enforcement are largely imaginary. But whether they are or not, federal jurisdiction does not arise because a party thinks it is desirable to get into federal court. In other words the adequacy or inadequacy of California remedies is quite another matter from the

4. Mr. Justice Cardozo points out in Gully v. First National Bank, 1936, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70, that, "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * 'A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws * * *'." See also Shulthis v. McDougal, 1912, 225 U.S. 561, 570, 32 S.Ct. 704, 56 L.Ed. 1205, Indian Lands; New Marshall Engine Co. v. Marshall Engine Co., 1912,

223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513, dispute involving title to a patent.

5. Cases involving questions of title or assignment of patents in which no federal question was found: Luckett v. Delpark, Inc., 1926, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; Pratt v. Parish Gas Light & Coke Company, 1897, 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458; Leaver v. Parker, 9 Cir., 1941, 121 F.2d 738; Laning v. National Ribbon & Carbon Paper Mfg. Co., 7 Cir., 1942, 125 F.2d 565. Similarly, questions of copyright assignments or contractual rights based thereon do not give rise to federal jurisdiction. Scribner v. Straus, 1908, 210 U.S. 352, 28 S.Ct. 735, 52 L.Ed. 1094; Wells v. Universal Pictures Co., 2 Cir., 1948, 166 F.2d 690; Meredith v. Smith, 9 Cir., 1944, 145 F.2d 620; Danks v. Gordon, 2 Cir., 1921, 272 F. 821.

jurisdiction of a federal court to entertain foreclosure proceedings upon the mortgage of this intangible right.

The judgment of the district court will be reversed.