Ellen MOLNAR, Appellant,

v.

NATIONAL BROADCASTING COM-
PANY, Inc., a corporation,
Appellee.

No. 14712.

United States Court of Appeals
Ninth Circuit.

Jan. 4, 1956.

Vivian M. Feld, William Jerome Pollack, Los Angeles, Cal., William R. Lund, Van Nuys, Cal., for appellant.

No appearances for appellee.

Before FEE and CHAMBERS, Circuit Judges, and WALSH, District Judge.

JAMES ALGER FEE, Circuit Judge.

This action was brought by plaintiff against defendants described in the original title as follows: "National Broadcasting Company, Inc., a corporation, Doe 1–X, Defendants." As to these defendants it is alleged:

"I. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Doe 1–X are unknown to plaintiff who therefore sues said defendants by such fictitious names. When the true names and capacities of such fictitiously designated defendants are ascertained, plaintiff will ask leave of court to amend this complaint to insert said true names and capacities, together with the proper charging allegations. Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein as a Doe is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to the plaintiff as herein alleged.

"II. Plaintiff is a citizen and resident of the State of California; defendants, and each of them, are citizens and residents of the State of Delaware.

"III. This is an action wholly between citizens of different states involving an amount in controversy in excess of $3,000.00, exclusive of interest and costs.

"IV. Defendant National Broadcasting Company, Inc., a corporation, is now, and at all times mentioned herein, was a corporation organized and existing under and by virtue of the laws of the State of Delaware and authorized to do and engaged in doing business in the State of California."

Jurisdictional amount is properly alleged. It is set up that "defendants" owned, operated, managed and controlled a building containing a stairway located in Los Angeles, California. It is alleged that plaintiff was injured by a fall on this stairway, which was carelessly and negligently maintained by "defendants."

The trial court dismissed the complaint because it did not appear clearly that none of the persons named as "Does" was a citizen of California. The dismissal was without prejudice. The order of the trial court[1] dismissing the action reads as follows:

"In the United States District Court for the Southern District of California, Central Division

"No. 17853–WM—Civil

"Ellen Molnar,                Plaintiff,
     vs.

"National Broadcasting Company, Inc., a corporation, Doe I–X,
                         Defendants.

"Order Dismissing Action for Want of Jurisdiction over the Subject Matter

"It appearing to the Court:

"(1) that the record in this cause does not disclose complete diversity of citizenship between the parties [28 U.S.C. § 1332; [City of] Indianapolis v. Chase National Bank, 314 U.S. 63, 69–70, 76–77 [62 S.Ct. 15, 86 L.Ed. 47] (1941); Parker v. Overman, 18 How. [137, 141], 59 U. S. 137, 141 [15 L.Ed. 318] (1855); Mullen v. Torrance, 9 Wheat. [537, 538], 22 U.S. 537, 538 [6 L.Ed. 154] (1824)];

"(2) that there is no claim or cause of action asserted in the complaint which 'arises under the Constitution, laws or treaties of the United States' [28 U.S.C. § 1331; Gully v. First National Bank, 299 U.S. 109, 112–

1. The order appears in the form set out in the transcript of record printed on appeal.

114 [57 S.Ct. 96, 81 L.Ed. 70] (1936); [People of] Puerto Rico v. Russell & Co., 288 U.S. 476, 483–484 [53 S.Ct. 447, 77 L.Ed. 903] (1933); Hooe v. United States, 218 U.S. 322, 335–336 [31 S.Ct. 85, 54 L.Ed. 1055] (1910); Scribner v. Straus, 210 U.S. 352 [28 S.Ct. 735, 52 L.Ed. 1094] (1908); Wade v. Lawder, 165 U.S. 624 [17 S.Ct. 425, 41 L.Ed. 851] (1897); Dale Tile Mfg. Co. v. Hyatt, 125 U.S. 46 [8 S.Ct. 756, 31 L.Ed. 683] (1888); Republic Pictures Corp. v. Security, etc., Bank, 197 F. 2d 767 (9 Cir., 1952)];

"(3) that inasmuch as facts requisite to federal jurisdiction [Fed. Rules Civ.Proc., Rule 8(a) (1), 28 U.S.C.A. 252 (1950)] do not affirmatively appear [Robertson v. Cease, 97 U.S. 646, 648–650 [24 L.Ed. 1057] (1878); Ex parte Smith, 94 U.S. 455, 456 [24 L.Ed. 165] (1876)], this court of limited jurisdiction [Shamrock Oil [& Gas] Corp. v. Sheets, 313 U.S. 100, 108–109 [61 S.Ct. 868, 85 L.Ed. 1214] (1941)] presumably lacks jurisdiction of the cause [Bors v. Preston, 111 U.S. 252, 255 [4 S.Ct. 407, 28 L.Ed. 419] (1884); Grace v. American Central Ins. Co., 109 U.S. 278 [3 S. Ct. 207, 27 L.Ed. 932] (1883); Turner v. Bank of North America, 4 Dall. [7, 11], 4 U.S. 7, 11 [1 L.Ed. 718] (1800); New York Life Ins. Co. v. Kaufman, 78 F.2d 398, 400 (9 Cir., 1935)];

"It is Ordered upon the Court's own initiative [Fed.Rules Civ.Proc., Rule 12(h), 28 U.S.C.A.] that the action is hereby dismissed for lack of jurisdiction over the subject matter [Fed. Rules Civ.Proc., Rule 12(b) (1), 28 U.S.C.A.].

"It Is Further Ordered that this dismissal shall not operate as an adjudication upon the merits [Fed.Rules

Civ.Proc., Rule 41(b), 28 U.S.C.A.]. "It Is Further Ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause."

This appeal followed.

Unquestionably, if plaintiff had offered to amend by striking "Doe 1– X" from the title and the allegations relating to these from the complaint even after the order was entered, the court would have permitted the order to be set aside and the cause to proceed. A complaint defective in allegation of diversity of citizenship can be amended to show the true state of facts even in the United States Supreme Court.[2] The incident is alleged to have occurred on May 21, 1954. The complaint was filed on February 8, 1955. There would have been plenty of time, had the cause been allowed to remain or be reinstated against National Broadcasting Company, Inc., alone, to pursue the liberal procedures as to discovery and to turn up other postulated persons who might eventually have been found to have the citizenship and connection with the alleged occurrence requisite to joinder as defendants. Even a new complaint naming the Broadcasting Company only as defendant could have been filed with like opportunities. Plaintiff availed herself of none of these courses and made no showing whatever to the trial court, before or after, that there were citizens of Delaware in addition to National Broadcasting Company, Inc., a corporation, involved. Instead, she promptly appealed the ruling on one of the minutiæ of practice to this Court. This bitter insistence upon shallow technicality by a lawyer is not to be commended. If the identity of defendants were known so that the pleader could state they were citizens of Delaware, she could also state their names and allege what part each had in the management and control of the stairway. But, if the

2. Norton v. Larney, 266 U.S. 511, 516, 45 S.Ct. 145, 69 L.Ed. 413. Revised Statutes, § 954, § 777 of former Title 28 U.S.

C.A., Federal Rules of Civil Procedure, rules 1, 15, 61; 28 U.S.C.A. § 1653.

allegation that they are citizens of Delaware be, as on the face of the complaint it is, unfounded guesswork, the jurisdiction of the court is not established.[3]

Were the courts to allow such complaints to be filed unchallenged, a great opportunity for confusion would arise. See Roth v. Davis, 9 Cir., 231 F.2d 681. The allegations, if suffered to remain in the complaint, might cause apparent technical difficulties later. Delay in bringing the cause to issue and trial is the immediate consequence. Such allegations might be used in terrorem to give validity to a suit which had no foundation.

■■ Plaintiff alleges there were actual persons thus joined as defendants under fictitious designations, but she does not describe them or make any allegation about the respective function of each or the connection of each with the accident. It is clear, in the absence of this identification or connection or name, that the allegation of citizenship in Delaware is illusory. It was impossible for the court to say that defendants thus joined were not indispensable from the face of the complaint. At the stage where the action of the court took place, the matter must have been viewed upon the allegations of the complaint alone. Allegations founding jurisdiction of a federal court must be precise.

■ This attempt to join fictitious defendants is said to be justified in California practice. However that may be, no one of the Rules of Civil Procedure under which federal courts operate gives warrant for the use of such a device. While the Federal Rules of Civil Procedure are not universally inclusive of all possible colorings of practice, no justification can be found therein for a violation of jurisdictional principles. The methods used by the common law to extend jurisdiction of particular courts cannot be tolerated under the federal Constitution. The national trial courts are of special jurisdiction. At the outset of every proceeding there, jurisdiction should be established by allegation of essential facts.

■ Therefore, the trial court was within its powers in dismissing the action without prejudice. Perhaps other action might have been taken appropriately, but this remedy for the apparent evil was sufficient. The imposition of frivolous appeals such as this one upon the already overloaded docket of this Court, with the consequent waste of time, is condemned. In order that the client may not suffer because of the course of action taken by the lawyer, the order is modified to permit the filing of an amended complaint against the National Broadcasting Company, Inc., alone,[4] as defendant, if the

---

3. In Columbia Digger Co. v. Rector, D.C., 215 F. 618, 622, the action was against certain partners, Rector and Daly, and their surety for materials furnished. As to the partners, the only allegations of citizenship were those setting out where the partnership was "doing business under the firm name." Summons had been issued for the partners, but not served. The plaintiff was an Oregon corporation. The court say:

"Where the necessary diverse citizenship does not exist, jurisdiction cannot be conferred by the consent of the parties.

"The court, on its own motion, will dismiss the action when it appears to it the necessary diverse citizenship does not exist.

"The requisite diverse citizenship does not exist when one of the defendants is a citizen of the same state as the plaintiff.
\* \* \* \* \*

"This court being one of limited jurisdiction, the jurisdiction must be made to appear clearly and distinctly, either by the pleadings or the record. \* \* \*

"\* \* \* With the action in this situation, it would appear that all that is necessary, if aught is necessary to oust the court of jurisdiction, would be for one of the defendants, Rector or Daly, to appear herein, providing he were a citizen of Oregon, which, in the absence of other allegation, will be presumed. Thus would the court's jurisdiction be jeopardized to the moment of judgment, a most weak and unsatisfactory position."

4. In Columbia Digger Co. v. Rector (see footnote 3 above), on plaintiff's motion and "suggestion of want of jurisdiction, after hearing the evidence and arguments upon the issues made on the merits by the pleadings," the court ruled: "The motion to dismiss is granted, and the court held to have jurisdiction of the cause between the remaining parties." 215 F. at page 624.

other defendants joined but not identified can be dispensed with.[5]

Remanded.

---

5. See O'Neal v. National Cylinder Gas Co., D.C., 103 F.Supp. 720.