**Grace D. HIXSON, Plaintiff,**

v.

**William Carter HIXSON and UNITED STATES of America, Defendants.**

**UNITED STATES of America, Counter-Claimant and Cross-Claimant,**

v.

**Grace D. HIXSON, Counter-Defendant, and**

**William Carter Hixson, Cross-Defendant.**

**Civ. No. 1047–57.**

United States District Court
S. D. California,
Central Division.

Jan. 21, 1958.

Gold & Needleman, and Harry M. Fain, Beverly Hills, Cal., for Grace D. Hixson.

Laughlin E. Waters, U. S. Atty., Eugene Harpole, Edward R. McHale, Rembert T. Brown, Los Angeles, Cal., for the United States.

Wm. J. Clark, and Charles Murstein, Los Angeles, Cal., for William Carter Hixson.

MATHES, District Judge.

This cause having come before the Court for trial, and evidence having been submitted by all parties; and it appearing to the Court:

(a) that defendant United States of America, as Sovereign, has never consented to be sued in this or any court for a claim to declaratory judgment such as is presented in the first cause of action asserted in plaintiff's complaint in this case [see: 28 U.S.C.A. § 2201; Mayer v. Wright, 9 Cir., 1958, 251 F.2d 178];

(b) that defendant United States of America has an unsatisfied lien for Federal income taxes against the real property as to which the plaintiff seeks a decree quieting title in the second cause of action asserted in the complaint, and the plaintiff does not make any offer to do equity as to the United States by offering to discharge such lien;

(c) that the record does not disclose diversity of citizenship between plaintiff and defendant William Carter Hixson [28 U.S.C.A. § 1332; Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 69-70, 76-77, 62 S.Ct. 15, 86 L.Ed. 47; Parker v. Overman, 1855, 18 How. 137, 59 U.S. 137, 141, 15 L.Ed. 318; Mullen v. Torrance, 1824, 9 Wheat. 537, 22 U.S. 537, 538, 6 L.Ed. 154; Molnar v. National Broadcasting Co., 9 Cir., 1956, 231 F.2d 684];

(d) that there appears no claim or cause of action asserted in the complaint which "arises under the Constitution, laws or treaties of the United States" [28 U.S.C.A. § 1331; Gully v. First National Bank, 1936, 299 U.S. 109, 112-114, 57 S.Ct. 96, 81 L.Ed. 70; People of Puerto Rico v. Russell & Co., 1933, 288 U.S. 476, 483-484, 53 S.Ct. 447, 77 L.Ed. 903; Taylor v. Anderson, 1914,

592

234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218; Hooe v. United States, 1910, 218 U.S. 322, 335–336, 31 S.Ct. 85, 54 L.Ed. 1055; Scribner v. Straus, 1908, 210 U.S. 352, 28 S.Ct. 735, 52 L.Ed. 1094; Wade v. Lawder, 1897, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851; Dale Tile Mfg. Co. v. Hyatt, 1888, 125 U.S. 46, 8 S.Ct. 756, 31 L.Ed. 683; Republic Pictures Corp. v. Security etc. Bank, 9 Cir., 1952, 197 F.2d 767];

(e) that the identical claims asserted by defendant United States of America against counter-defendant William Carter Hixson are involved in civil action No. 17410–WM, entitled "United States of America, Plaintiff, v. William Carter Hixson, Jr., et al., Defendants," now pending in this Court;

It Is Ordered:

(1) that the plaintiff's second cause of action to quiet title is hereby dismissed as to defendant United States of America for want of equity, but without costs to any party, and with the further provision that this dismissal shall not operate as an adjudication upon the merits [Fed.R.Civ.P., Rule 41(b), 28 U.S.C.A.];

(2) that the counter-claim and cross-claim of defendant United States of America against counter-defendant Grace D. Hixson and cross-defendant William Carter Hixson are hereby dismissed, without costs, and this dismissal shall not operate as an adjudication upon the merits [Fed.R.Civ.P., Rule 41(b), 28 U.S.C.A.];

(3) that the case, involving both causes of action as against defendant William Carter Hixson, is hereby remanded to the Superior Court of the State of California in and for the County of Los Angeles [28 U.S.C.A. § 1447], from whence it was removed, bearing that court's No. S.M.C. 5594.

It Is Further Ordered that the Clerk this day serve a certified copy of this order of remand by United States mail upon the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles, in accordance with 28 U.S.C.A. § 1447(c).

It Is Further Ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.