**William O. HARRINGTON, Plaintiff,**

v.

**Sebastian MURE, Herbert Rieger, Richard Wolf, Saxon Music Corp. and Cabot Records, Inc., Defendants.**

United States District Court
S. D. New York.
May 20, 1960.

Miller & Miller, New York City, for plaintiff, Miles J. Lourie, New York City, of counsel.

George Becker, New York City., for defendants Mure, Rieger and Saxon Music Corp.

Lawrence J. Greene, New York City, for defendant Wolf.

Rosen & Seton, New York City, for defendant Cabot Records, Inc., George Becker, New York City, of counsel.

PALMIERI, District Judge.

■ Plaintiff, alleging that he collaborated with defendants Mure and Wolf in the creation of a musical composition, seeks a declaration of his rights as co-author of the composition. Pursuant to an agreement with Mure and Wolf, defendant Saxon Music Corp., the publisher, procured a copyright for the work. See 17 U.S.C. § 9. The certificate of copyright registration gives author-ship credit to Mure and Wolf. Plaintiff claims that he is entitled to an assignment of an interest in the copyright and an accounting for a share of the proceeds earned by the composition. No issue as to the validity or the infringement of the copyright is presented and it is conceded that diversity of citizenship is lacking. On this set of facts, the court does not have jurisdiction of the case as one "arising under any Act of Congress relating to * * * copyrights." 28 U.S.C. § 1338(a);[1] Hoyt v. Bates, C.C.D.Mass.1897, 81 F. 641.

■ Although the defendants, prior to trial, failed to challenge plaintiff's jurisdictional allegations, see Fed.R.Civ.P. 8 (a), 12(b), 12(g), 28 U.S.C., it remains the duty of the court to refuse to proceed upon a record which does not disclose a basis for federal jurisdiction. Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 1884, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; see Hart & Wechsler, The Federal Courts and The Federal System 719 (1953). At trial, pursuant to the suggestion of the court, defendants moved under Fed.R.Civ.P. 12(h) for dismissal of the action.

■ In support of the averment that he is properly in this court, plaintiff has referred to a line of decisions recognizing the standing of an equitable owner of a copyright to sue for infringement. Cohan v. Richmond, 2 Cir., 1936, 86 F.2d 680; Bisel v. Ladner, 3 Cir., 1924, 1 F.2d 436; Wooster v. Crane & Co., 8 Cir., 1906, 147 F. 515; Manning v. Miller Music Corp., D.C.S.D.N.Y.1959, 174 F.Supp. 192; Southern Music Publishing Co. v. Walt Disney Productions, D.C.S.D.N.Y.1947, 73 F.Supp. 580. But see Measurements Corp. v. Ferris Instrument Corp., 3 Cir., 1947, 159 F.2d 590; Dill Mfg. Co. v. Goff, 6 Cir., 1942, 125 F.2d 676; Binger v. Unger, D.C.S.D.N.Y. 1946, 6 F.R.D. 44. Power to adjudicate

---

1. 28 U.S.C.A. § 1338(a), the section of the Judicial Code upon which plaintiff bases his right to maintain this action provides:
  "The district courts shall have original jurisdiction of any civil action arising un-der any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

the question of infringement and to furnish an appropriate remedy is expressly and exclusively vested in the federal district courts. 17 U.S.C. §§ 101, 112; 28 U.S.C. § 1338(a). An equitable owner who sues for infringement sets forth facts in his complaint showing the validity of the copyright, the basis of his ownership interest, and the infringement by the defendant. See Wooster v. Crane & Co., supra. Allegations as to equitable title are included to establish the plaintiff's standing as a "copyright proprietor"[2] to sue for infringement, but the foundation of the suit is the alleged infringement itself. See Hartley Pen Co. v. Lindy Pen Co., D.C.S.D.Cal.1954, 16 F.R.D. 141, 151, 157. In other words, in order to determine the federal claim for infringement, the district court, as a preliminary matter, permits the plaintiff to establish the facts which underlie his claim of ownership. See Manning v. Miller Music Corp., supra; cf. Manosky v. Bethlehem-Hingham Shipyard, 1 Cir., 1949, 177 F.2d 529. Incidental power to hear and decide the title claim—a claim as to which the court lacks original jurisdiction—[3] must, and does depend upon the specifically conferred power to adjudicate the infringement claim. See Hartley Pen Co. v. Lindy Pen Co., supra, 16 F.R.D. at page 151. Absent such incidental power or ancillary jurisdiction in the district court to determine whether a plaintiff has standing as an owner to sue for infringement, the plaintiff whose citizenship is the same as that of his adversary would be forced to look to the state court in the first instance. The state forum could declare the plaintiff's status as equitable owner but it could not go on to consider his claim of infringement because exclusive jurisdiction of that matter resides in the federal district court.

■■ The fundamental and obvious distinction between the cases upon which the plaintiff relies and the situation presented here is that Harrington does not state a claim for infringement.[4] Absent a basis for a claim of infringement, a case presenting a claim of equitable ownership with a prayer for an assignment and an accounting does not "arise under the Copyright Law." Hoyt v. Bates, supra; Wells v. Universal Pictures Co., 2 Cir., 1948, 166 F.2d 690, 692; Friedman v. Washburn Co., 7 Cir., 1944, 145 F.2d 715; cf. Republic Pictures Corp. v. Security-First National Bank, 9 Cir., 1952, 197 F.2d 767. It is true that in such a case a claim of federally protected interest forms a part of the plaintiff's legal position. However, unlike a suit for infringement, federal legislation "relating to copyrights" does not confer the specific right of action sought to be enforced. See Republic Pictures Corp. v. Security-First National Bank, supra, 197 F.2d at pages 769–770; Hart & Wechsler, op. cit. supra at 765. The sources of the obligations to assign and to account are equitable doctrines relating to unjust enrichment and general

---

2. See Manning v. Miller Music Corp., D.C. S.D.N.Y.1959, 174 F.Supp. 192, 194:
  "17 U.S.C. § 101 provides that one who infringes the copyright in any protected work shall be liable to 'pay to the copyright proprietor' damages. Section 112 provides for injunctive relief to 'any party aggrieved' but the 'party aggrieved' must have the right to maintain a suit under Section 101 as a 'copyright proprietor' in order to be entitled to such injunctive relief."

3. See 186 F.Supp. at pages 657 – 658, infra.

4. It is a well established rule that a co-author cannot bring an infringement action against the other co-authors, their assignees, or licensees. Carter v. Bailey, 1874, 64 Me. 458, 463. If the rule were otherwise, a co-author, by withholding consent to any use of the joint creation, could effectively deprive the public of the benefit of the work. A proper balance between the interest of the excluded co-author and that of the public is achieved by allowing each co-author to exploit the work, but subject to a duty to account to his collaborators for the results of his dealings. See Rosengart, Co-Authorship in Copyright Law, 25 So.Calif.L.Rev. 247, 255 (1952); Note, Accounting Between Co-Owners of a Copyright, 48 Colum.L.Rev. 421, 426–27 (1948).

principles of law governing the rights of co-owners,[5] not remedial provisions of the Copyright Law.

■ Plaintiff has urged that to deprive him of a federal forum, the court must rely upon an untenable distinction between wrongful acts of a co-author and wrongful acts of a stranger to the creation of the copyrighted work. If a stranger exploits the composition and deprives the creator of his right to exclusive enjoyment of the fruits of his efforts, an infringement action will lie. But if a co-author, one who cannot be charged with infringement,[6] authorizes the exploitation of the work and the exclusion of his collaborator, a technicality bars access to the federal court. The alleged technicality, however, is a direct result of the congressional plan with respect to copyright litigation. A federal court must find its jurisdiction in express provisions of federal statutes; it cannot assume constitutionally possible jurisdiction which has not been conferred by Congress. Kline v. Burke Construction Co., 1922, 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed. 226. Assuming that Congress might have reserved to the federal courts all questions relating to copyright titles, according to firmly established judicial construction, it did not do so. See Becher v. Contoure Laboratories, Inc., 1929, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752; Republic Pictures Corp. v. Security-First National Bank, supra; Hartley Pen Co. v. Lindy Pen Co., supra. Instead, it provided for exclusive federal jurisdiction of "copyright cases"—those in which federal legislation defines the substance of the claim and the relief to be secured. Congress left a considerable residue of power in the state courts to pass on "copyright questions"—among them, questions arising in contract and title disputes. See Jerry Vogel Music Co. v. Miller Music, Inc., 1st Dept. 1947, 272 App.Div. 571, 74 N.Y.S.2d 425; [7] Hart & Wechsler, op. cit. supra at 754–58, 765. See also New Marshall Engine Co. v. Marshall Engine Co., 1912, 223 U.S. 473, 478, 32 S.Ct. 238, 56 L.Ed. 513; Hartley Pen Co. v. Lindy Pen Co., supra.

To summarize, the fact that plaintiff Harrington alleges co-authorship of a copyrighted composition does not bring this claim within the exclusive jurisdiction of the federal district court "in copyright cases." The nature of the disputed facts and the character of the relief to which plaintiff may be entitled indicate that his action is cognizable in the state court. See Becher v. Contoure Laboratories, Inc., supra. That court is fully competent to resolve the question as to whether plaintiff collaborated in the creation of the musical composition, and, if that question is resolved in plaintiff's favor, to grant plaintiff all the relief he seeks. See Jerry Vogel Music Co. v. Miller, Inc., supra. No problem of piecemeal litigation is presented, cf. Hartley Pen Co. v. Lindy Pen Co., supra, and no other persuasive reason has been shown for departing from the established construction of the extent to which Congress has authorized original federal jurisdiction of controversies in which copyright questions are presented.

In view of my conclusion that the jurisdiction of this court does not extend to plaintiff's claim for a declaration of his rights as co-author, I do not reach the question whether the court has ancillary or pendent jurisdiction of the claims based upon allegations of unfair competition and of plaintiff's performance as a principal artist on the recording of the composition.[8]

5. Rosengart, supra note 3; Note, 48 Colum.L.Rev., supra note 3.

6. See note 3, supra.

7. This case, decided by a state court, has been characterized as one of the leading decisions recognizing the right now asserted by plaintiff—the right of a co-author of a copyrighted composition to an accounting for the profits resulting from the unauthorized use of the joint work by his collaborator. See Rosengart, supra at 255; Note, 48 Colum.L.Rev. supra at 423.

8. See 28 U.S.C. § 1338(b); Nikanov v. Simon & Schuster, Inc., 2 Cir., 1957, 246

The motion to dismiss the complaint for lack of federal jurisdiction is granted, but without costs,[9] and without prejudice to plaintiff's right to institute appropriate proceedings in the state court.[10]

So ordered.

---

F.2d 501, 504 note 2, affirming D.C.S.D. N.Y.1956, 144 F.Supp. 375; 70 Harv. L.Rev. 1469 (1957); Hartley Pen Co. v. Lindy Pen Co., D.C.S.D.Cal.1954, 16 F.R.D. 141.

9. See Fed.R.Civ.P. 54(d). In view of plaintiff's apparent good faith in insti-tuting his action in this court and de-fendants' failure to raise the question of jurisdiction at an earlier stage, I have determined not to allow costs.

10. Fed.R.Civ.P. 41(b). A dismissal for lack of jurisdiction does not operate as an adjudication upon the merits.