**William S. METZGER, Plaintiff,**

v.

**James A. HUSSMAN, et al., Defendants.**

**No. CV–N–87–504–ECR.**

United States District Court,
D. Nevada.

March 31, 1988.

George W. Abbott, Minden, Nev., for plaintiff.

Peter B. Holden, Gayle A. Brooks, Reno, Nev., for defendants Hussman.

C. Nicholas Pereos, Reno, Nev., for defendants Tom Hill and Kim W. McCreary.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

William S. Metzger filed this case in this Court on October 26, 1987. He named as defendants James A. Hussman, Kathryn Hussman, George W. Hussman, Mildred Hussman, Tom Hill (doing business as Hill Realty), Kim McCreary, and Does 1–10. Metzger asserted that the Court has subject matter jurisdiction based on diversity of citizenship of the parties.

On February 11, 1988, defendants James A. Hussman, Kathryn Hussman, George W. Hussman, and Mildred Hussman ("Hussmans") filed a Motion to Dismiss for Lack of Jurisdiction over the Subject Matter (docket # 2). The Hussmans assert in that motion that complete diversity of citizenship does not exist as a result of the inclusion of Does 1–10 as defendants. The movants cite *Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir.1987), and urge that, because there is not complete diversity, the Court is without subject matter jurisdiction and must dismiss.

Apparently in response to the motion to dismiss, on February 19, 1988, plaintiff filed a Notice of Dismissal of "Doe" Defendants (docket # 3) and a First Amendment to Original Complaint (docket # 6). Through those filings plaintiff seeks to rid his complaint of allegations against unknown defendants.

On March 2, 1988, the movants filed a reply in support of their motion (docket # 7). In the reply the movants assert that their motion should be granted pursuant to LR 140–6 because of plaintiff's failure to file an opposition. In the alternative, the Hussmans reassert the substantive basis for their motion to dismiss and request oral argument.

Also on March 2, 1988, the plaintiff filed an opposition to the Hussmans' motion to dismiss (docket # 8); the opposition was filed twenty days after the filing of the motion to dismiss and within an hour after the filing of the reply. Plaintiff indicated no reason for the untimely filing. *See* LR 140–4 (fifteen days for opposition) and 150 (extensions of time). Plaintiff also filed a request for oral argument (docket # 9).

Then, on March 3, 1988, the Hussmans filed a Motion to Strike Untimely Opposition (docket # 12).

The Hussmans' motion to dismiss and motion to strike are before the Court.

The motion to strike shall be granted. The plaintiff's opposition was filed in an untimely manner. Plaintiff did not move to file the opposition late and did not indicate any excuse whatsoever for the late

filing. Applicable rules of procedure, including Local Rules, must be enforced in this case, as in any case, so that the Court may maintain control over the progress of litigation before it.

The Hussmans' motion to dismiss, on the other hand, shall be denied.

The Court notes that plaintiff's complaint, as originally filed, failed to disclose complete diversity of citizenship of the parties; this was because of the naming of ten Doe defendants. *See Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1082–83 (9th Cir. 1987). This was also the case when the Hussmans moved to dismiss.

■ Eight days after the filing of the motion to dismiss, however, the plaintiff cured the complaint's allegations of subject matter jurisdiction by dismissing the Doe defendants and by amending the complaint accordingly. This mooted the grounds of the motion to dismiss. Plaintiff's complaint now plainly alleges complete diversity of citizenship of the parties. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

■ The dismissal of the Does and the amendment of the complaint were proper. *See* Fed.R.Civ.P. 41(a)(1)(i); Fed.R.Civ.P. 15(a). The general rule is that amendment to cure defective jurisdictional allegations is allowed. 6 Wright and Miller, Federal Practice and Procedure § 1474 (1971). The Ninth Circuit Court of Appeals has indicated that it is proper to liberally allow amendment of a complaint to cure jurisdictional defects. *See Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 n. 4 (9th Cir.1980), *cert. denied*, 469 U.S. 980, 105 S.Ct. 381, 83 L.Ed.2d 316 (1984); *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1189 (9th Cir.1970) (citing *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338, 339, 70 L.Ed. 682 (1926)); *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 686 (9th Cir.1956) ("A complaint defective in allegation of diversity of citizenship can be amended....").

*Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir.1987), dealt with the issue of the effect of Doe defendants on diversity jurisdiction in a case removed from state court. The court of appeals held that such a case must be remanded. *Bryant* 832 F.2d at 1083 n. 6. This Court does not read *Bryant* to mandate dismissal without opportunity to amend in a case with Doe defendants originally filed in federal district court.

IT IS, THEREFORE, HEREBY ORDERED that the Motion to Strike Untimely Opposition of Plaintiff to Defendants Hussmans' Motion to Dismiss (docket # 12) is GRANTED. The plaintiff's opposition (docket # 8) shall not be considered.

IT IS FURTHER ORDERED that the Clerk of the Court shall file plaintiff's First Amended Complaint, which is attached to plaintiff's First Amendment to Original Complaint (docket # 6, filed February 19, 1988).

IT IS FURTHER ORDERED that the parties' requests for oral argument on the Motion to Dismiss for Lack of Jurisdiction over the Subject Matter are DENIED (The defendants' request is at docket # 7; the plaintiff's is at docket # 9.).

IT IS FURTHER ORDERED that the Motion to Dismiss for Lack of Jurisdiction over the Subject Matter (docket # 2), filed by defendants James A. Hussman, Kathryn Hussman, George W. Hussman, and Mildred Hussman, is DENIED.