**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN BERMAN,

               Plaintiff - Appellant,

  v.

JOHN DOE; et al.,

               Defendants - Appellees.

No. 13-35739

D.C. No. 1:13-cv-00958-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

John Berman appeals pro se from the district court's judgment dismissing his action alleging state law claims arising from the burglary of a rental property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a determination of subject matter jurisdiction. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1191 n.6 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We review for an abuse of discretion a dismissal without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We vacate and remand.

Although the district court properly dismissed Berman's action for failure to allege facts sufficient to show complete diversity between the parties, *see Molnar v. Nat'l Broad. Co.*, 231 F.2d 684, 687 (9th Cir. 1956) ("in the absence of [] identification or connection or name, [] the allegation of citizenship ... is illusory"), the district court abused its discretion by dismissing without giving Berman an opportunity to amend. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Accordingly, we vacate the judgment and remand to the district court with instructions to provide Berman with an opportunity to file an amended complaint.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**

13-35739