## WADE *v.* LAWDER.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 172. Argued January 26, 1897. — Decided March 1, 1897.

Where a suit is brought on a contract of which a patent is the subject-matter, either to enforce such contract, or to annul it, the case arises on the contract, or out of the contract, and not under the patent laws; and, if brought in a state court, this court is without appellate jurisdiction to review the judgment unless it appears that a right under the laws of the United States was properly set up and claimed which was denied by the state court.

THIS was a bill in equity brought by Charles Wade against

Birt Ringo, in the Circuit Court of Audrain County, Missouri, for the rescission of a contract. After hearing had on pleadings and proofs that court dismissed the bill, whereupon the cause was carried by appeal to the Supreme Court of Missouri, Division No. 1, and the decree affirmed. 122 Missouri, 322. Appellant then moved that the case be transferred to the Supreme Court in banc, under the constitution of Missouri in that behalf, *Duncan* v. *Missouri*, 152 U. S. 377, on the ground that the record involved the decision of a Federal question arising under the laws of the United States, namely, " the construction of the patent and specifications of the patent, as they appear in evidence in said cause." This motion was denied and a writ of error from this court was afterwards allowed.

*Mr. John M. Barker* for plaintiff in error. *Mr. Samuel W. Bickley* was on his brief.

*Mr. W. W. Fry* for defendants in error. *Mr. George Robertson* filed a brief for same.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

On the twenty-seventh of July, 1891, Wade and Ringo entered into the following contract:

" Whereas, B. Ringo, of Mexico, Mo., has invented a new folding bed known as the Ringo folding bed for which he has made application for a patent from the United States of America in his name, and whereas B. Ringo owns an undivided one half interest of and in said patent with one J. C. Buckner, of Mexico, Mo. Now be it known that the undersigned, B. Ringo, has this day sold and does hereby sell and assign to C. Wade, of Mexico, Mo., all of his said undivided one half interest in said invention and the letters-patent applied for and to be issued to said B. Ringo for and to said Ringo folding bed. And said B. Ringo obligates himself to assign his undivided one half interest in said letters-patent to said C. Wade as soon as the same are issued by and at the

Patent Office of the United States, in such manner as any additional assignment of the same may be necessary other than this writing to convey to said C. Wade an undivided one half interest in said invention and letters-patent. And the said B. Ringo does hereby further sell and assign to C. Wade my undivided one half interest in all patterns, and all of said Ringo folding beds completed or being constructed at J. H. Heitland's in Quincy, Illinois. For and in consideration of the sale and transfer of the above undivided one half interest in said invention and letters-patent, said C. Wade does hereby sell, transfer and deliver to said B. Ringo his entire stock of furniture, coffins, fixtures, one furniture wagon, two hearses and three sets of harness with said wagon and hearses, said stock of furniture being the same now in the building occupied by said C. Wade on Jefferson Street, in Mexico, Mo., which stock of furniture, fixtures, coffins, wagon and harness, etc., is this day delivered by said C. Wade to said B. Ringo.

"Said B. Ringo further obligates himself to assign, transfer, for no other or further consideration than herein named, any further patent or improvement on said Ringo folding bed or other folding bed that he may obtain letters-patent for at any time in the future.

"If said letters-patent on this application or other different application should for any cause not be issued to said B. Ringo for said folding bed, then said B. Ringo hereby obligates himself, when it is definitely known that said letters-patent will not be issued, if at all, to return to said C. Wade said stock of furniture, fixtures, wagon, hearses and harness, with the stock of furniture as full, as near as practicable, as it now is and less the wear and tear of said fixtures, wagon, hearses and harness from use.

"But it is understood if such transfer should for said cause be necessary, said B. Ringo is to retain all proceeds of sales made by him in said furniture business, and said C. Wade to retain proceeds of sales made by him in said furniture business and said C. Wade to retain proceeds of sales of such folding beds as he may make during said time."

The application for letters-patent was then pending and

under an assignment of his interest in the invention by Ringo to Wade, a patent issued September 22, 1891, to Wade, and Buckner, Ringo's coöwner.

The gravamen of the bill was that plaintiff was induced to enter into the contract by certain false and fraudulent representations by defendant as to the utility and value of the invention in question; and also that various matters and things were fraudulently omitted from the contract by the defendant. Any other grounds of complaint indicated are unimportant. It was averred that the bed was worthless, and in a replication plaintiff alleged " that the patent, as set out in defendant's answer as having been issued to C. Wade and J. C. Buckner, at the instance of said Ringo, is void for the reason that the said patent so issued has neither novelty of invention nor utility of purpose." But the utility of the invention was only involved on the question of the falsity of the alleged representations.

The Circuit Court of Audrain County held upon the evidence that the contract was exactly as both parties desired and intended it to be; that the charges of fraud were not substantiated; that it did not appear that the folding bed was wholly worthless; and that, as plaintiff was experienced in the sale of the article; had every opportunity to test it, and the opinion of friends and of an expert to aid him; had advised and suggested changes and supposed improvements to defendant during the working out of the idea; inspected the models at various times; proposed the trade first himself and again a second time; and at the time of the trade knew or ought to have known far more about folding beds than defendant, who was wholly ignorant of them prior to the time he began work on the invention, representations as to the utility of the improvement even if in fact untrue, would not constitute sufficient ground for rescission. In these conclusions the Supreme Court of the State concurred. 122 Missouri, 322.

The general rule is that " where a suit is brought on a contract of which a patent is the subject-matter, either to enforce such contract, or to annul it, the case arises on the contract, or out of the contract, and not under the patent laws." *Dale*

*Tile Manufacturing Co.* v. *Hyatt,* 125 U. S. 46, and cases cited; *Wood Mowing Machine Co.* v. *Skinner,* 139 U. S. 293; *In re Ingalls, Petitioner;* Id. 548; *Marsh* v. *Nichols, Shepard & Co.,* 140 U. S. 344.

We are unable to discover in this case that plaintiff specially set up and claimed, at the proper time and in the proper way, any right under the laws of the United States, or that any such right was denied him by the decision of the state courts. The controversy was in respect to the rescission of a contract for the exchange of an invention for a stock of merchandise. The decree rested on grounds broad enough to sustain it without reference to any Federal question. Application for letters-patent was pending when the contract was entered into, and letters-patent were issued so that Wade obtained a half interest therein as provided. The state courts held, for the reasons given, that Wade got what he had bargained for, and was not deceived or misled in the premises. Under these circumstances the writ of error cannot be maintained. Rev. Stat. § 709.

*Writ dismissed.*