KURTZ et al. v. STRAUSS et al.

(Circuit Court, E. D. Pennsylvania. March 30, 1900.)

No. 35.

JURISDICTION OF FEDERAL COURTS—SUIT ARISING UNDER PATENT LAWS.

A bill by the owners of a patent to compel the specific performance of a contract for the introduction and manufacture of the patented article, and also for the cancellation of an alleged forged assignment of a part interest in the patent, does not state causes of action arising under the patent laws which will give a federal court jurisdiction of the suit.

In Equity. On demurrers to bill.

Carrie B. Kilgore, for complainants.

J. S. Levin and Joshua Matlack, Jr., for respondents.

McPHERSON, District Judge. The complainants and defendants are alike citizens of Pennsylvania, and the jurisdiction of the court, therefore, must depend upon the subject-matter of the dispute. It is said to be a suit arising under the patent laws of the United States, and, if this be true, there is no doubt about the complainants' right to a hearing before a federal tribunal. A careful examination of the bill has convinced me, however, that the suit does not arise under the patent laws, but rests in part upon an alleged verbal agreement between the parties concerning the manufacture and sale of a patented article, and in part upon an allegation that the defendants have forged an assignment of a half interest in the letters patent, and have recorded the fraudulent assignment in the patent office. Paragraph 5 of the bill thus describes the agreement:

"(5) A verbal agreement was then, to wit, March of 1899, entered into between the complainants and the respondents, as follows, to wit, that the respondents would furnish the money required to pay the charges upon the one automatic brake and safety fender already constructed, and also the money required to repair it and adjust it to a car for trial; also to get the concession required to place it on trial; also to furnish all moneys required for its trial, and to advertise the same in the newspapers; and, if the trial was a success, then to furnish sufficient money to start the business of manufacturing and vending of said invention, and to manufacture fifty automatic brakes and safety fenders under the said patent of complainants, and to secure the trial of the same in different cities, and on different trolley lines (it being presumed by all the parties that fifty of the said automatic brakes and safety fenders manufactured and judiciously placed upon trolley lines in different parts of the United States would insure its general use). For this labor, money, and influence thus furnished by the respondents, the complainants agreed that the respondents should have one-half interest in the net profits of the said business, to wit, the said Strauss and the said Turner should each have one-fourth interest in the profits of said business, the said respondents agreeing not to assign any interest in said business without the consent of the complainants had and received in writing, the complainants agreeing not to assign any interest in the business or in their said patent without the consent of the respondents."

And the forgery is thus charged in paragraphs 9 and 12:

"(9) That a few days thereafter, but still in the month of July, 1899, the said Turner produced at the office of the complainants' attorney a paper purporting to be a copy of an assignment by the complainants of one undivided half interest in the said letters patent, No. 551,210, to the said Louis N. B. Strauss and George T. Turner, witnessed by H. E. Kahn, bearing date April 3, 1899, which paper the complainants aver is a fraudulent paper, but which fraudulent paper the said Louis N. B. Strauss and George T. Turner have caused to be recorded in the patent office of the United States at Washington."

"(12) They further aver that the said respondents Strauss and Turner have without authority, and without the knowledge and consent of the complainants, and in fraud of their rights, affixed, or caused to be affixed, the names of the said complainants to the aforesaid false and fraudulent paper bearing date of April 3, 1899, and purporting to be an assignment of one undivided half interest in their said letters patent to the said respondents, and the said respondents, by the making of this false and fraudulent paper purporting to be an assignment as aforesaid, have conspired to defraud the said complainants out of one-half interest in their said letters patent."

The bill also avers the defendants' failure to comply with their agreement, and prays that the specific performance of such agreement, "for the manufacturing, trial, and vending of such invention," may be decreed. Another prayer is that the assignment which the defendants profess to have may be decreed to be a forgery, and thereupon may be canceled.

Clearly, as it seems to me, this is not a case arising under the patent laws of the United States. The subject-matter of the dispute is in some sense the letters patent, but the complainants' cause of action is not founded upon the defendants' violation of the patent laws, nor upon a denial of the validity of the patent, nor upon the defendants' infringement. On the contrary, it appears from the bill that the defendants not only admit the validity of the patent, but were so anxious to share in the profits of the manufacture and use of the invention that they first made an agreement to this end, and then (seeing apparently a shorter road) practically stole one-half of the complainants' right. Assuming these acts to have been done, the case arises under familiar principles of contract and of tort, and is not to be determined at all by applying the patent laws of the United States. This conclusion is, I think, sustained by the authorities cited by defendants' counsel, among which it is sufficient to refer to Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357; Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550, 27 L. Ed. 295; Marsh v. Nichols, 140 U. S. 344, 11 Sup. Ct. 798, 35 L. Ed. 413; Wade v. Lawder, 165 U. S. 624, 17 Sup. Ct. 425, 41 L. Ed. 851; Pratt v. Coke Co., 168 U. S. 255, 18 Sup. Ct. 62, 42 L. Ed. 458.

The demurrers are sustained.