(Superior Court of Cincinnati.)
Special Term, July 1900.

CARRIE BIGGIO v. CHRISTIAN SANDHEGER et al.

(1). Where stock of a corporation is held in a trust or fiduciary capacity, and the fact that it is thus held is disclosed by the stock books of the company, the holder of the legal title is not individually liable upon such stock under an assessment for the benefit of creditors.

(2). Stock held by an attorney as collateral for a claim for legal services to be rendered, is not liable to an assessment thereon.

(3). Where a subscription for stock did not state the name of the company correctly, and the subscriber afterward entered into a verbal agreement to accept merchandise from the company in lieu of stock, he is not liable to an assesment upon the stock; nor can liability be asserted against subsribers to stock in a company of a different name who did not know that their subscriptions had been entered upon the stock books of the company now at bar.

(4). The failure of the widow of a subscriber for stock, who is his sole devisee, to elect to take the stock, does not relieve her from liability, where

she caused the stock to he transferred to her name, and notwithstanding the transfer may have been illegal.

---

Heard on exceptions to the report of the special master and referee.

JACKSON, J.

The main exception herein is to the finding and report of the referee as to the number of shares owned by Michael Hoffmann upon which it is sought to hold said Hoffmann liable for the benefit of creditors. The master holds that Hoffmann was a stockholder to the extent of thirty shares only of the Banner Brewing Company, a corporation which is now wholly insolvent and in the hands of a receiver.

It is contended on behalf of the creditors that this is erroneous, inasmuch as 430 shares of the capital stock of the said Banner Brewing Company appear upon the stock books in the name of "Michael Hoffmann, treasurer," and it is insisted that as the legal owner of the stock in question Hoffmann is liable upon the 430 shares of stock, notwithstanding the fact that as to all but 30 of said shares said Hoffmann was merely a trustee for others.

The conceded facts appear to be that a syndicate was formed for the purchase of a controlling interest in the Banner Brewing Company, and that Hoffmann was to act as treasurer for the purpose of receiving the money from the members of the syndicate, with which money he was to purchase the stock, and that he was to purchase the stock in his own name and distribute the same thereafter ratably among the members of the syndicate; that he, as an individual, was to become the purchaser of but 30 shares of stock.

In this way Hoffmann purchased from certain owners of the stock of the Banner Brewing Company 430 shares, having the same transferred to him upon the books of the company in the name of "Michael Hoffmann. treasurer." and in due time he tranferred ratably to the different members of the syndicate 400 shares of said stock, retaining 30 shares as his personal property.

It is insisted by the creditors that during the time the 430 shares of stock stood in the name of Michael Hoffmann, treasurer, he is liable as shareholder on said stock to creditors of the company.

In Henkel v. Salem Manufacturing Company, 39 Ohio St., 552, it was held that—

"The general rule, independent of statutory provision is that the liability to pay calls and to respond in the event of insolvency to creditors, attaches to the holder of the legal title only. The court will not (save in exceptional cases) look beyond the registered stockholders."

Section 3259, Revised Statutes of Ohio, provides that the term, "stockholder," shall apply not only to such person as appears by the books of the corporation to be such, but to any equitable owner of the stock, although the stock appears on the books in the name of another.

Counsel for the creditors herein contend that the provisions of this section giving a right against the equitable owner of stock confer but a cumulative remedy, and does not in any wise militate against the rights of the creditor to proceed against the legal owner of the stock.

The conclusion I have reached is that the true principle upon which the legal owner, as distinguished from the equitable owner, is held liable to creditors, is based upon the ground of estoppel. By permitting himself to appear upon the books of the company as the legal owner of the stock in question. the law will presume that creditors dealt with the corporation upon the faith of the individual responsibility of the stockholders who so appeared as the legal owner of the stock.

But this rule can not and does not apply where the stock books themselves disclose the fact that the legal owner of the stock holds the same in a trust or fiduciary capacity. Where the stock registry discloses the ownership to be in a trust or fiduciary capacity, the creditor must be charged with notice of the fact that the party whose name appears upon the stock book is not the real owner, and a creditor can not in contemplation of law be presumed to have given credit upon the faith of such stockholder's individual responsibility.

The conclusion I have reached is that Hoffmann's trust or fiduciary capacity was sufficiently disclosed upon the stock books of the company; that he is not individually responsible beyond the 30 shares which he personally owned, and that the report of the referee in this respect must be approved and confirmed.

The authorities which I have examined, and upon which I rely largely in support of this conclusion, are Wells v. Larrabee, 36 Fed. Rep., 866; Pauly v. State Loan & Trust Co., 165 U. S., 606, and Baker v. Old National Bank of Providence, 86 Fed. Rep., 1006. I am unable to agree with the contention of learned counsel that these cases are not in point and that they are based upon a construction of Revised Statutes of the United States, 5151 and 5152, and which latter section expressly provides that trustees shall not be personally subject to any liabilities as stockholders.

In all of these cases the decisions of the courts are based not upon the fact that the party sought to be held liable is a trustee within the meaning of section 5152, but, as stated in the language of Justice Harlan in Pauly v. State Loan & Trust Co., 165 U. S., 624:

"Our conclusion is that the defendant in error can not be regarded otherwise than as a pledgee of the stock in question, and is not a shareholder within the meaning of section 5151 of the Revised Statutes, and is not therefore subject to the liability imposed upon the shareholders of national banking associations by that section."

And as stated by Judge Shiras in Wells v. Larrabee, 36 Fed. Rep., 872:

"If, however, the view taken by plaintiff's counsel of the meaning of section 5152 is correct, it does not follow that the defendant, Larrabee, is liable. The statutory liability does not attach to him unless he is a shareholder, and upon general principles it must be held that a mere naked trustee who has no financial interest in the stock, but holds the title for the benefit of the real owner and party in interest, the existence of such trust appearing upon the corporate books, can not be held to be a shareholder within the meaning of section 5151 of the Revised Statutes."

It seems to me, therefore, these cases above cited are directly in point with the case at bar.

The case of Holcomb, administrator, v. Gibson, 39 W. L. B., 380, which is relied upon by counel for the creditors, seems to me to differ materially from the case at bar in two important particulars. The first is, that the party sought to be held liable as trustee held the stock for the benefit of the corporation itself, and the syllabus in the Gibson case expressly states that "a corporation can not buy its own stock under the present constitution of Ohio." Therefore a creditor dealing with a corporation under such circumstances would see from the stock register that there was no beneficial owner who could be held liable.

Again, it seems in the Gibson case that Davis, the party who was held liable as stockholder, had voted and represented the stock in the management of the stockholders' meetings of the bank, and drew the dividends for a number of years. In this latter respect there were strong grounds of estoppel upon which the stockholder might be held liable, none of which appear in this case.

As to the motion of William M. Tugman to modify the report of the special master and referee to the extent of finding who were in fact the equitable owners of the four shares of stock standing in the name of said Tugman, my conclusion is that the motion must prevail.

Tugman received the stock in question as collateral security for legal services to be rendered members of the syndicate whose names appear herein on Exhibit "C". It seems to me clear that the members of the syndicate whose names appear on Exhibit "C" should, as between themselves and Mr. Tugman, be held responsible as stockholders, and the report will therefore be modified so as to show that as between the members of said syndicate whose names appear on said Exhibit "C" and said Tugman, the former are the real beneficial owners of said four shares of stock.

As to the exceptions to the report of the referee and special master on behalf of Valentine Boeh, my conclusion is that the exception of said Valentine Boeh must prevail. The said Boeh is found by the referee to be liable upon six shares of the capital stock of the Banner Brewing Company, whereas the fact appears to be that he subscribed for six shares of stock in the Union Banner Brewing Company, and that upon discovering this fact he entered into a verbal agreement with the company from which it is fair to infer that his stock was to be canceled, and that he was to receive beer in payment thereof Under these circumstances, it seems to me inequitable to hold the said Boeh as a stockholder, and his exception is therefore sustained.

As to the exceptions on behalf of John Nerl and Franz Pecht, based upon the ground that they subscribed for stock in the Union Banner Brewing Company, and not in the Banner Brewing Company, my conclusion is that such exceptions also must prevail. Although their names appear upon the stock book of the Banner Brewing Company, there is nothing in the evidence tending to show that they had knowledge of this fact, and knowingly permitted their names to remain upon the stock books so as to induce third parties to extend credit on the faith thereof in such wise or in such manner as would make them liable upon the principle of estoppel. As to the exceptions on behalf of Mrs. Runnebaum, executrix of Anna Maria Kinker, my conclusion is that these exceptions must be overruled and the report of the referee in this respect approved and confirmed. Mrs. Kinker was the widow and sole devisee of Frank Kinker, deceased; and although she made no election to take this stock, nevertheless she did as executrix sell to herself individually the stock in question, and through her attorney made a transfer of the stock on the books of the company, and thereafter permitted her name to remain upon the books of the company as stockholder. Although the transaction by which she, as executrix, sold the stock to herself as an individ-

[copyright, 1901, by carl g. jahn.]

ual may be absolutely void as to other parties who might be interested in the stock in question, nevertheless it seems to me clear that she is bound upon the principles of estoppel. The report of the referee in this respect will be approved and confirmed.

W. M. Fridman and Wm. Worthington, for Plaintiff.

Renner, Gordon & Renner, for Hoffmann; Wilby & Wald, for Tugman; Chris. Von Seggern, for Runnebaum, Nerl, Pecht and Boeh.