784

## KAY KAREN, Inc. v. PERLITCH.

United States District Court
S. D. New York.

Nov. 8, 1949.

———◆———

Henry L. Burkitt, New York City, for plaintiff.

Levisohn, Niner & Cohen, New York City (Harry Cohen, New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by defendant to dismiss the complaint (1) for lack of jurisdiction over the subject matter, and (2) because of another action between the parties pending in the State Court involving substantially the same issues.

The action is for a declaratory judgment determining the rights of the parties under a royalty agreement entered into in November 1941, as modified on April 12, 1947, under which plaintiff acquired from defendant an exclusive license to manufacture and sell, in children's sizes, a garment described as a "combined blouse and slip", covered by a patent issued to defendant, and to use in connection therewith various trade-marks and trade names belonging to defendant. The parties have operated under the agreement for a number of years, but recently plaintiff has refused to pay further royalties and has notified defendant that it was terminating the agreement for various stated reasons.

The complaint alleges that both parties are citizens of New York, and it is therefore obvious that jurisdiction can be upheld only on the ground that the action arises under the patent laws.

The complaint is most inartificially drawn, but reading all the allegations together it is clear that plaintiff seeks only declaratory relief with respect to the rights and legal relations of the parties under the agreement. The action, therefore, does not arise under the patent laws, but under the agreement, Luckett v. Delpark, Inc, 270 U. S. 496, 46 S.Ct. 397, 70 L.Ed. 703; Wade v. Lawder, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851. It necessarily follows that the action must be dismissed for lack of jurisdiction over the subject matter. With this disposition, it will be unnecessary to consider the second ground of the motion.

The motion of defendant to dismiss for lack of jurisdiction over the subject matter is granted.