**NORTH BRANCH PRODUCTS, INC.,**
**Plaintiff,**

v.

**W. Reuen FISHER, Defendant.**

**Civ. A. No. 1033–58.**

United States District Court
District of Columbia.

Jan. 6, 1960.

Robert G. Mentag, Detroit, Mich., and Albert W. Rinehart, Washington, D. C., for defendant, for the motion.

J. Harold Kilcoyne, Washington, D. C., for plaintiff, opposed.

HOLTZOFF, District Judge.

This case is before the Court on a motion by the defendant to quash service of the summons on him, and to dismiss the action for lack of jurisdiction over the subject matter.

The complaint alleges that the plaintiff is a Michigan corporation having its offices and manufacturing plant at Millington, Michigan, and that the defendant is a resident of the Province of Alberta, Canada. The action is brought for a declaratory judgment to adjudicate that certain letters patent of the United States and certain patent applications are owned by and are the sole property of the plaintiff and not of the defendant. In other words, the action relates to title to patents and patent applications. Service of the summons on the defendant was had by publication, pursuant to 35 U.S.C. § 293, which reads as follows:

"Every patentee not residing in the United States may file in the Patent Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, *the United States District Court for the District of Columbia shall have jurisdiction and summons shall be served by publication* or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." [Emphasis supplied.]

██ ██ It will be observed that by the foregoing provision the United States District Court for the District of Columbia is granted jurisdiction over "proceedings affecting the patent or rights thereunder", if the patentee does not reside in the United States and, in that event,

the summons may be served by publication. It is argued in behalf of the defendant that this action, not being one under the patent laws, is not within the purview of Section 293 and that, therefore, this Court is without jurisdiction of the subject matter; and further that the provision as to service of process by publication is not applicable. Concededly, this is not a suit under the patent laws within the meaning of the constitutional provision authorizing the Congress to grant patents to inventors.[1] Under this clause the Congress has conferred upon the United States District Courts original jurisdiction of any civil action arising under any Act of Congress relating to patents.[2] This jurisdiction is limited to actions for infringement of patents and actions for declaratory judgment involving validity or infringement of patents. It does not extend to contracts or other matters merely because the subject involved happens to be a patent.[3]

 Neither can jurisdiction be sustained in the case at bar on the ground of diversity of citizenship. While it is alleged that the defendant is a resident of Alberta, Canada, it is not averred that he is a citizen of Alberta, Canada. So too, there is an absence of any allegation as to the jurisdictional amount.

It is urged in behalf of the plaintiff that 35 U.S.C. § 293, which has been quoted above, is not limited to actions under the patent laws, but should be construed as being broad enough to comprehend any suit if its subject matter is a patent. In support of this contention, counsel for the plaintiff points to the words, "proceedings affecting the patent or rights thereunder". It is argued that the words, "affecting the patent or rights thereunder" have a much broader scope than covering merely actions for infringement or declaratory judgments involving validity or infringement. It is argued that they extend to any suit

which directly affects patents, such as actions involving a title to a patent, as is the case here. If the words are taken literally, there is considerable basis for the construction urged by the plaintiff. On the other hand, the words are somewhat vague and indefinite. They cannot be said to be so clear and unambiguous as not to require interpretation.

 The Section in its present form was new in the codification of the patent laws of 1952. Neither the legislative history nor the Committee Reports throw any light on the question here presented. It is a matter of novel impression. The fact that the Section is included in the codification of laws relating to patents would seem to lead to the conclusion that the Section should be construed as being limited to actions under the patent laws, rather than extended to all actions affecting patents generally. Another reason for adopting this construction is that otherwise a constitutional question would arise. It is a well known principle of statutory construction that everything else being equal, an interpretation of a statute should be adopted that would avoid a constitutional question rather than one that may require its determination. The constitutional question that would be lurking here is a possible lack of any constitutional basis for jurisdiction either over the subject matter or over the person, if such a suit were not brought either under the patent laws or under the provision relating to diversity of citizenship. Obviously it would be inappropriate and certainly unnecessary to decide this question on this occasion. Suffice it to point out that a debatable question exists and that, therefore, following the accepted rules of statutory interpretation, if possible the statute should be so construed as to avoid this pitfall. The Court concludes that the phrase "proceedings affecting the patent or rights thereunder" contained in 35 U.S.C. § 293, should be construed as synonymous with "actions under the

1. Constitution, Article I, Section 8, clause 8.

2. 28 U.S.C. § 1338(a).

3. Wade v. Lawder, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851.

846

patent laws of the United States" and, therefore, should be limited and restricted to actions for infringement of patents and actions for declaratory judgments to adjudicate the validity or infringement of patents. Since the case at bar is not within this group, Section 293 does not apply to it and hence service by publication under that Section was ineffective.

■ The situation is complicated, however, by the fact that the defendant has filed an answer in which, in addition to pleading to the merits, he interposed a counterclaim. Under the present Federal procedure insufficiency of service of process may be raised either by motion or by an affirmative defense in the answer, Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Unlike the practice that prevailed previously, objections to service of process are not waived by answering to the merits, Rule 12(h). As indicated, however, in this instance the defendant went beyond pleading to the merits, but actually invoked the jurisdiction of the Court by asking for affirmative relief on a counterclaim. By so doing the defendant submitted himself to the jurisdiction of this Court. It should be noted in passing that the counterclaim was not one of a compulsory nature under Rule 13(a) of the Federal Rules of Civil Procedure. The defendant must, therefore, be deemed to have waived any objection to service of process, as well as any objection to jurisdiction over the person.

■ As has been indicated above, this case cannot be brought within the categories of Federal jurisdiction based on diversity of citizenship, or that founded on the patent laws. Every United States District Court, however, is a court of general original jurisdiction in respect to cases and controversies arising within Federal areas, or Federal reservations as they are technically known, that are geographically located within the district for which the court sits.[4] Since the entire District of Columbia is a Federal area, this Court has been given general jurisdiction over cases and controversies between parties, "both or either of which shall be resident or be found within said district * * *". D.C.Code, 1951, Title 11, Section 306.

■ The present action is a suit in equity *in personam* to adjudicate title to patents. Consequently it cannot be successfully contended, as the defendant tries to do, that this Court has no jurisdiction over the subject matter. If the suit may be maintained, however, this must be done under the local jurisdiction of this Court. The doctrine of *forum non conveniens*, however, then comes into play. The plaintiff is a corporation organized and existing under the laws of Michigan and having its office and place of business in that State. It has no contact whatsoever with the District of Columbia. The defendant is a resident of Alberta, Canada. It does not appear that he is a citizen or a resident of the District of Columbia, or even of the United States. There is no showing that the cause of action arose in this district, and manifestly it did not. This is a case in which clearly the Court should of its own motion invoke the doctrine of *forum non conveniens* and decline to accept jurisdiction of the cause.

The action is dismissed on the ground of *forum non conveniens*.

4. Constitution, Article I, Section 8, paragraph 17, provides in enumerating the powers of the Congress, that the Congress shall have power
"To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."