[Civ. No. 10453. Third Dist. July 30, 1962.]

RICHARD GINTHER, Plaintiff and Appellant, v. IVAN TILTON, Defendant and Appellant.

A. John Merlo for Plaintiff and Appellant.

McPherson & Mulkey and Loyd H. Mulkey, Jr., for Defendant and Respondent.

PEEK, P. J.—Plaintiff appeals from an adverse judgment entered following an order granting defendant's motion for nonsuit.

The facts, which appear by way of a settled statement, are as follows:

In August 1955, plaintiff and defendant, both carpenters, entered into an oral agreement by which plaintiff agreed to work on the construction of defendant's home in exchange for comparable work from defendant when plaintiff began construction of his home. Plaintiff, having just purchased the property, advised defendant that he would not be able to start building his home until he had completed payments on the property. No time was specified when plaintiff was to commence construction on his home. Work on defendant's home was completed in March 1956. Plaintiff contributed approximately one-third of the labor, or an estimated 300 hours of labor at $3.00 an hour.

In March 1959, plaintiff completed payments on his lot and started building his home. Defendant, after requests by plaintiff, worked for 24 hours on plaintiff's home and then refused to continue. He also refused plaintiff's request to permit plaintiff to hire someone at defendant's expense. Plaintiff hired another person and estimates that he was damaged in the approximate amount of $818 as a result of defendant's breach.

On August 25, 1960, plaintiff filed his complaint for damages. A demurrer to the complaint was overruled and the case proceeded to trial without a court reporter. Defendant's motion for nonsuit was granted on the theory that since time of performance was not specified, a reasonable time for performance was implied, that two years was a reasonable time; that more than two years had elapsed before plaintiff made his demand; and that the two-year statute of limitations applied.

Since it is our conclusion that on the merits the order of the trial court must be sustained, it becomes unnecessary to discuss the various procedural arguments made by defendant in support of the judgment.

Plaintiff concedes that the statute of limitations applies. His sole contention, however, is that it runs from the time of the breach and the breach did not occur until March of 1959 when plaintiff commenced construction of his home and made demand upon defendant.

It appears without contradiction that defendant's promise

to perform was conditioned on the time of the happening of an event wholly within the control of plaintiff. "[W]here the plaintiff's right of action depends upon a preliminary act to be performed by himself he cannot suspend indefinitely the running of the Statute by delaying performance of this act." (6 Williston, Contracts, § 2004, p. 5641.) Furthermore, where a demand is necessary and no time is specified in the agreement, the demand must be made within a reasonable time. Generally, what is a reasonable time depends upon the circumstances of each case. However, ". . . in the absence of peculiar circumstances, a time coincident with the running of the statute will be deemed reasonable, and if a demand is not made within that period, the action will be barred." (*Stafford* v. *Oil Tool Corp.*, 133 Cal.App.2d 763, 766 [284 P.2d 937].) In that case the court was passing upon the validity of the action of the trial court in sustaining defendant's demurrers to plaintiff's complaint without leave to amend. Here, as in the cited case, it affirmatively appears that plaintiff did not make a demand within the period coincident with the running of the statute of limitations, nor did he secure a written acknowledgement or promise sufficient to take the case out of the operation of the statute. Therefore, as the court said in the Stafford case, "the cause of action pleaded in the first count is barred." (P. 767.)

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.

A petition for a rehearing was denied August 17, 1962, and appellant's petition for a hearing by the Supreme Court was denied September 26, 1962.