The **PLUM TREE, INC.**

v.

**Jerome SELIGSON and Dorothy Seligson, husband and wife.**

**Civ. A. No. 71–1780.**

United States District Court,
E. D. Pennsylvania.

May 15, 1972.

---

32. Gleitman v. Cosgrove, *supra*, 49 N.J. at 30, 31, 277 A.2d at 693.

33. John F. Kennedy Memorial Hosp. v. Heston, *supra*, 279 A.2d at page 674.

Martin H. Katz, Michael J. Ambrose, Bridgeport, Pa., for plaintiff.

Perry S. Bechtle, Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

JOSEPH S. LORD, III, Chief Judge.

Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff, the registered owner of two related service marks [1] in-

1. Service marks used in commerce are registrable in the same manner and with the same effect as are trademarks, and when registered they are entitled to the protection provided trademarks in chapter 22 of Title 15. 15 U.S.C.A. § 1053.

volving the use of the name "The Plum Tree," instituted this action to recover damages for defendants' alleged breaches of franchise and sublease agreements. There is no diversity of citizenship between the parties. Jurisdiction is asserted under paragraph 23 of the franchise agreement,[2] 28 U.S.C. §§ 1338, 2201, 2202 and 15 U.S.C. § 1121.

■ At the outset it is clear that we do not have jurisdiction under either the terms of the franchise agreement or the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. The jurisdiction of the federal district courts is limited to that jurisdiction which Congress has conferred by statute. Jurisdiction cannot be conferred by consent of the parties, People's Bank of Belville v. Winslow, 102 U.S. 256, 26 L.Ed. 101 (1880), and therefore the terms of the franchise agreement cannot confer jurisdiction on this court. The fact that plaintiff seeks a declaratory judgment is equally irrelevant. The Declaratory Judgment Act does not create an independent jurisdictional basis but only provides a remedy for controversies properly brought within the court's jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Plaintiff also claims that this court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338. Section 1121 grants the district courts original jurisdiction of all actions arising under chapter 22 of Title 15 which concerns registration of trademarks and remedies for trademark infringement. Section 1338 grants the district court original jurisdiction "of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks." We must therefore determine whether plaintiff's complaint states a cause of action which arises under the trademark laws.

The complaint alleges that on or about November 25, 1969, plaintiff as licensor and defendants as licensees entered into a written franchise agreement whereby plaintiff granted defendants the right to operate a Plum Tree shop in the York Mall Shopping Center, York, Pa. The terms of the agreement are set forth in the complaint. Plaintiff alleges that defendants have committed the following material breaches of their agreement:

" * * * (a) Since the week ending April 24, 1971, the Defendants have failed to mail to the Plaintiff on Tuesday of each week an accurate statement showing the gross receipts received by them during the preceding calendar week.

(b) The Defendants have failed to pay their franchise fees as provided for in their Agreement.

(c) The Defendants have failed to devote their full time, energies and efforts to the conduct of their shop and to give their personal loyalties to the goals and purposes of the Plum Tree organization.

(d) The Defendants have failed to pay rent and other charges for their shop pursuant to a Sublease executed by the Defendants with the Plaintiff on February 7, 1970. * * *

(e) The Defendants have failed to pay for merchandise ordered and received by them.

(f) The Defendants have failed to follow the merchandising and marketing policies as propounded by the Plaintiff." Paragraph 13, Plaintiff's Complaint.

We will refer to trademarks and service marks interchangeably.

2. Paragraph 23 of the franchise agreement states:
"23. *Jurisdiction*. This Agreement shall be deemed to have been made in the Commonwealth of Pennsylvania and shall be construed according to the laws of that State. LICENSEE consents to the jurisdiction of any court of general jurisdiction or any State or Federal Court in either Philadelphia County, Montgomery County, Pennsylvania or the county in which PLUM TREE has its principal place of business with respect to any proceedings arising out of this Agreement * * *."

Plaintiff further alleges that "[t]he Defendants' conduct and actions in not submitting their weekly business reports have deprived and will deprive the Plaintiff of its ability to supervise, inspect and police the business establishment of the Defendants," paragraph 15, Plaintiff's Complaint, and that plaintiff has suffered loss of income and has incurred and will incur expenses as a result of defendants' actions.

■ Defendants contend that the complaint states a cause of action for breach of contract and therefore does not "arise under" any Act of Congress relating to trademarks. We agree.

" * * * It has been long the law that actions brought to enforce contracts of which a patent is the subject matter must, in the absence of diversity of citizenship, be brought in the state court. This is the interpretation placed upon 28 U.S.C.A. § 1338 and its predecessors when applied to patents. The same rule applies to the construction of this section when trade-marks are involved, since this section deals equally with patents and trademarks."

Everest & Jennings, Inc. v. E&J Manufacturing Co., 263 F.2d 254, 262 (C.A. 9, 1958). *See also* Wade v. Lawder, 165 U.S. 624, 627, 17 S.Ct. 425, 41 L.Ed. 851 (1897); Vanderveer v. Erie Malleable Iron Co., 238 F.2d 510, 513 (C.A. 3, 1956).

Plaintiff has not alleged that any action of defendants affected the good will of its business or infringed its service mark. Plaintiff cites provisions of the trademark laws which establish that an owner of a mark "has an affirmative duty * * * to take reasonable measures to detect and prevent misleading use of his mark by his licensees or suffer cancellation of his federal registration." Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358, 366 (C.A. 2, 1959). *See* 15 U.S.C. §§ 1055, 1064, 1127. Therefore, plaintiff argues that in seeking to terminate its license agree-

ment and enjoin defendants from using its mark, plaintiff is acting pursuant to the trademark laws which require that it exercise control over its licensee's use of its mark.

■■ Plaintiff, however, has not alleged that any breach of the franchise agreement has injured its service mark nor do we see how such an allegation can be inferred from the specific breaches set forth in the complaint. This is not a case where plaintiff alleges that its licensees used its mark in connection with the sale of unauthorized goods thereby producing customer confusion and infringing the mark, Franchised Stores of N. Y., Inc. v. Winter, 394 F.2d 664 (C.A. 2, 1968) or one in which plaintiff alleged that its licensees have defrauded customers by performing unnecessary services, thereby bringing the mark into disrepute, AAMCO v. Hearon, Civil Action No. 69–2346 (E.D.Pa., filed May 15, 1970). *See also* Koufakis v. Carvel, 425 F.2d 892 (C.A. 2, 1970). The object of the trademark laws is "the protection of trade-marks, securing to the owner the good will of his business and protecting the public against spurious and falsely marked goods." S.Rep. No. 1333, 79th Cong., 2d Sess. 1 (1946), quoted in Winter, *supra*, 394 F.2d at 668. The allegations of plaintiff's complaint that defendants failed to send weekly reports of their gross receipts, to pay their franchise fees and rent, and to pay for merchandise ordered and received do not state claims which in any way involve injury to the service mark. Nor do we construe the general allegations of failure to devote full time, energy and loyalties or failure to follow merchandising policies as stating claims arising under the trademark laws. As we read the complaint, it is simply a suit to recover damages for a breach of contract which has caused plaintiff loss of income and which happens to involve a service mark. We therefore grant defendants' motion to dismiss for lack of jurisdiction.