**The PLUM TREE, INC.**

v.

**Jerome SELIGSON and Dorothy Seligson, h/w.**

**Civ. A. No. 71–1780.**

United States District Court,
E. D. Pennsylvania.

Nov. 8, 1972.

Martin H. Katz, Michael J. Ambrose, Bridgeport, Pa., for plaintiff.

Perry S. Bechtle, Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for defendants.

### MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

On May 15, 1972, D.C., 342 F.Supp. 1084, we granted the defendants' motion to dismiss the complaint on the ground that it was simply an action for breach of contract and since there was no diversity of citizenship or other ground for

federal jurisdiction, we lacked subject matter jurisdiction. The plaintiff has now filed an amended complaint which defendants have also moved to dismiss.

The amended complaint contains two causes of action. The first cause of action alleges that the plaintiff is the registered owner of two related service marks involving the use of the name "The Plum Tree". According to the allegations of the complaint, the defendants attempted to rescind the franchise agreement previously entered into with the plaintiff. Following that attempted rescission, the defendants covered the Plum Tree sign and logo on the outside of their store. Inside the store a sign was displayed stating that "This store is independently owned and operated and is not under franchise of Plum Tree, Inc. nor trading under the name or registration of 'The Plum Tree'." However, on July 26, 1971, the outside coverings were removed and the Plum Tree sign and logo continued to be displayed. Plaintiff claims that the conduct of the defendants is causing damage to its trademark and confusing potential customers.

The second cause of action is for breach of the franchise agreement. Plaintiff seeks, *inter alia*, money damages for the damage to its trade name and an injunction against the continuing use by the defendants of the Plum Tree sign and logo.

Plaintiff asserts that these allegations state a cause of action under the Lanham Act, 15 U.S.C. § 1114, and that this court, therefore, has jurisdiction of the first cause of action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338. We agree.

In Hazel Bishop, Inc. v. Perfemme, Inc., 314 F.2d 399 (C.A.2, 1963), Miss Hazel Bishop had entered into a contract with Hazel Bishop, Inc. as a cosmetic chemist. She agreed that the plaintiff could register, "Hazel Bishop" as its trademark or trade name and this was done. Thereafter, Miss Bishop left Hazel Bishop, Inc. and established Perfemme, Inc. with herself as President. She used stationery under the letterhead "Perfemme Products, Incorporated" bearing the legend "Miss Hazel Bishop, President, not now connected with Hazel Bishop, Inc." Chief Judge Lumbard held at p. 402:

"The plaintiff's complaint clearly alleges a cause of action for trademark infringement; language in the complaint, quoted above, is a near paraphrase of portions of 15 U.S.C. § 1114, which creates a civil remedy for infringement of a federally registered trademark. That being so, any substantial, related claim of unfair competition was within the original jurisdiction of the district court under 28 U.S.C. § 1338(b), which confers on district courts 'original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the * * * trademark laws.' Under the doctrine of pendent jurisdiction, the district court's jurisdiction extended also to the claim that Miss Bishop had broken her contract by attempting to capitalize on the goodwill attached to her name."

So here, the first cause of action states a claim arising under the Lanham Act and giving us jurisdiction under 28 U.S.C. § 1338. Similarly, as in Hazel Bishop, Inc., *supra*, we have pendent jurisdiction over the claims arising out of alleged breach of contract.

The defendants' motion to dismiss will be denied.