TYCOM CORPORATION and Lawrence Holmes, Jr., Plaintiffs,

v.

REDACTRON CORPORATION and Sperry Rand Corporation, Defendants.

Civ. A. No. 74–65.

United States District Court, D. Delaware.

Oct. 14, 1976.

John Biggs, III, Wilmington, Del., and Andrew J. Richardson, of Littlepage,

Quaintance, Murphy & Dobyns, Arlington, Va., for plaintiff Tycom Corp.

Joseph A. Rosenthal, of Morris & Rosenthal, Wilmington, Del., and Irving Bizar, of Demov, Morris, Levin & Shein, New York City, for plaintiff Lawrence Holmes, Jr.

Douglas E. Whitney, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Charles W. Bradley, of Cooper, Dunham, Clark, Griffin & Moran, New York City, for defendant Redactron Corp.

Arthur G. Connolly, Jr. and Paul E. Crawford, of Connolly, Bove & Lodge, Wilmington, Del., George P. Williams, III, James D. Fornari, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., David K. Anderson, Leonard E. Dimare and Marshall M. Truex, Blue Bell, Pa., for defendant Sperry Rand Corp.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

Tycom Corporation ("Tycom") and Lawrence Holmes, Jr. ("Holmes") are co-plaintiffs in this action charging the defendants Redactron Corporation ("Redactron") and Sperry Rand Corporation ("Sperry Rand") with infringement of United States patent 3,452,851 (the "Holmes patent") which issued on July 1, 1969 to Holmes. This action was originally brought on April 5, 1974 only by Tycom as plaintiff who was alleged to be the exclusive licensee of the Holmes patent under an Agreement, dated October 1968, as amended, between Tycom and Holmes which granted Tycom the right at its expense to bring infringement suits based on the Holmes patent without the necessity of joining the patent owner Holmes.[1] However, in prior proceedings in this case the Court concluded that under Rule 19, F.R. Civ.P., Holmes was an indispensable party to the infringement claim asserted in this action. *Tycom Corporation v. Redactron Corporation,* 380 F.Supp. 1183 (D.Del.1974). By an amended complaint Holmes was thereafter joined as a party plaintiff[2] and the case continued to be prosecuted under

---

1. Docket Item 12, par. 18; Docket Item 12, Ex. E, par. 13.

2. Docket Item 24.

Tycom's control by its originally retained attorneys. By Court order a pre-trial conference was set for May 24, 1976 and trial was fixed to begin on June 7, 1976.[3] On February 9, 1976, Tycom's retained counsel petitioned the Court for permission to withdraw as plaintiffs' attorneys[4] on the grounds that a conflict of interest existed between plaintiffs as they were unable to agree regarding the control and conduct of the case, that Tycom had been unable to properly finance the litigation and that the attorneys were owed $40,960 for legal services and disbursements which had not been paid by Tycom. After hearing, an order was entered on April 6, 1976 which permitted the plaintiffs' original attorneys to withdraw, granted plaintiffs 50 days in which to obtain other attorneys to represent their interests, and canceled the pre-trial conference and trial dates previously set.[5]

On May 28, 1976, Holmes appeared by new counsel, Messrs. Rosenthal and Bizar, and moved the Court for an order (a) to permit his counsel to prosecute this action, and (b) to cancel the license given by Holmes to Tycom.[6] On June 24, 1976, Messrs. Biggs and Richardson entered their appearance on Tycom's behalf.[7]

■ Since jurisdiction of this infringement case exists by virtue of 28 U.S.C. § 1338, the Court held a hearing and called for briefs on the question whether this Court has subject-matter jurisdiction to declare the license agreement between Tycom and Holmes to be in default and thus canceled. This is the question now for decision.

Holmes does not base subject-matter jurisdiction over his claim to cancel the license agreement with Tycom on diversity of citizenship under 28 U.S.C. § 1332. Indeed, based on the present record, he could not do so because at the time this action was brought Holmes was a New Jersey citizen[8] and Tycom, a Delaware corporation, also maintained its principal place of business in New Jersey.[9]

■ Rather Holmes contends that the Court's power to cancel the license agreement is predicated on the theory that federal jurisdiction conferred by the original patent infringement claim against defendants under 28 U.S.C. § 1338 carries with it the power, absent diversity, to consider the present controversy between co-plaintiffs even though it does not involve the infringement, validity or enforcement of the patent. In effect, Holmes seeks to have this Court litigate a contract dispute which exists between the co-plaintiffs because the subject-matter of the contract involves the patent forming the basis of this infringement suit. It is abundantly clear from Holmes' present motion that its main thrust is to set aside the exclusive license agreement previously granted to Tycom for alleged breach of conditions. However, the Court must conclude that the existing dispute between the co-plaintiffs is not one arising under the patent laws of the United States which would give this Court subject-matter jurisdiction over such because it has long been established that where a patentee seeks the aid of the Court in declaring the forfeiture of a patent license or in restoring an unclouded title to the patent, he does not confer upon the federal court jurisdiction of the cause as one arising under the patent laws. *Luckett v. Delpark,* 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926); *Wade v. Lawder,* 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851 (1897); *Wilson v. Sandford,* 10 How. (U.S.) 99, 13 L.Ed. 344 (1850).

■ Furthermore, the Court is unable to conclude that the co-plaintiffs' present dispute is within the ancillary jurisdiction of the Court which would obviate the need for independent subject-matter jurisdiction

---

3. Docket Item 103.

4. Docket Item 104.

5. Docket Item 107.

6. Docket Item 111.

7. Docket Item 113.

8. Docket Items 14 and 24.

9. Docket Items 123, 124 and 125.

over the contract dispute between co-plaintiffs. Those cases which have applied the doctrine of "ancillary jurisdiction" in order to resolve subsidiary or subordinate disputes arising in primary litigation even though the Court would not independently have jurisdiction to adjudicate them, are discretely limited to those disputes meeting four criteria: (1) the ancillary matter arises from the same transaction which was the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition of the main proceeding will not be frustrated. *Morrow v. District of Columbia,* 135 U.S.App.D.C. 160, 417 F.2d 728, 740 (1969); *Wilgus v. Peterson,* 335 F.Supp. 1385, 1389 (D.Del.1972).

Viewing the co-plaintiffs' dispute from this perspective, it is clear that none of these criteria is met. First, the license agreement dispute does not arise from the same transaction which is the basis of the main proceeding, viz., defendants' infringement of the patent in question, or arise during the course of or is an integral part of the infringement suit. Second, the proof that the contract was breached, that the breach was substantial, would require substantial adversary fact-finding unrelated to the main action. Third, the determination of the contract dispute in this case prior to determining the main infringement action might possibly deprive Tycom of the possible defense of patent invalidity which it would be hesitant to raise in the present proceeding where it is attempting to collect damages for infringement of the patent. Finally, because both co-plaintiffs have now retained separate counsel to protect their respective interests in the patent, there appears no reason to resolve the contract dispute between them in this court prior to proceeding with the main case because the co-plaintiffs' interests in the main infringement action are substantially the same with respect to the defendants.

Finally, Holmes has suggested that his motion be treated as a well-pleaded cross-claim against Tycom in accordance with the spirit and intent of Rule 1, F.R. Civ.P., or alternatively that he be permitted to serve a cross-claim against Tycom pursuant to Rule 13(g), F.R.Civ.P. Unfortunately, neither of these alternatives would give this Court jurisdiction over the cross-claim because it is the law of this circuit that if the asserted cross-claim is unrelated to the main claim so that it does not qualify as one "arising out of the transaction or occurrence," that is, the subject-matter of either the original action or of a counterclaim therein, then it is not permitted as a cross-claim and ancillary jurisdiction will not sustain it; an independent jurisdictional basis would be needed to support jurisdiction of the cross-claim. *Danner v. Anskis,* 256 F.2d 123 (C.A.3, 1956). In the early part of this opinion, however, we have noted that the Holmes cross-claim against Tycom does not arise out of the main patent infringement claim and thus ancillary jurisdiction does not exist. Furthermore, it is clear that independent subject-matter jurisdiction does not exist over the cross-claim between the co-plaintiffs because, both being citizens of New Jersey,[10] no diversity is present as required by 28 U.S.C. § 1332.

Accordingly, the motion of Holmes for an order declaring the license agreement between Holmes and Tycom as canceled and to permit Holmes' attorney sole control to prosecute this action will be denied.

---

**10.** Docket Items 123, 124 and 125.