117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL INSURANCE COMPANY, Plaintiff-counter-defendant-Appellee,
v.
THE IRVINE COMPANY, Defendant-counter-claimant-Appellant.
 No. 95-56785.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997, Pasadena, California.
July 2, 1997.
 
 1
 Before: THOMPSON, and T.G. NELSON, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 This court may affirm on any bases supported by the record. Papike v. Tampbrands, Inc., 107 F.3d 737, 744 (9th Cir.1997). The California statute of limitations governing The Irvine Company's ("Irvine's") claim against Federal Insurance Company ("Federal") is four years under Cal. Civ. Proc. section 337(1). The period of limitation runs from the date the action accrued. Under California law, a "limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim." Gutierrez v. Mofid, 705 P.2d 886, 889 (Cal.1985). The statutory period is not tolled by belated discovery of a legal theory because it is knowledge of the facts underlying the cause of action, not the discovery of a legal theory, that starts the running of the statute of limitations. McGee v. Weinberq, 159 Cal.Rptr. 86, 89-90 (Cal.Ct.App.1979). That the insured is ignorant of his legal remedy or the legal theories underlying his cause of action is irrelevant. Gutierrez, 705 P.2d at 889.
 
 
 4
 As Irvine stated in its opening brief, "Irvine discovered the presence and release of the ACMs in June 1985." [Appellant's opening brief at 3.] The consultant hired by Irvine concluded and reported to Irvine, in late 1985, that
 
 
 5
 each of the seven Buildings had been constructed with ACMs, including ACM fireproofing and ACM thermal system insulation ("TSI"), that ACMs ranged from poor to good condition overall, and that there was a progressive accumulation of ACM debris, dust and asbestos fibers throughout the Buildings resulting from various causes, including impact or abrasion disturbance, water damage, building vibration, air erosion and natural degradation.
 
 
 6
 [Id. at 6.] The statute of limitations clearly commenced no later then the receipt of the consultant's report, which was more then four years prior to Irvine's notice to Federal. Therefore, Irvine's claim is time-barred.
 
 
 7
 Irvine's contention that the lack of a suit limitation clause in the policy means the statute of limitations does not start running until at least the insured gives notice to the carrier is incorrect. The policy contained a specific notice requirement:
 
 
 8
 Notify us, or one of our authorized representatives, as soon as possible, as to what happened. Give details including the time and place. Include names and addresses of available witnesses. If a loss occurs that could result in a loss under any Business Income Insurance, notify us by telephone or by telegraph at our expense.
 
 
 9
 Thus, contrary to Irvine's argument, the policy did not contemplate an indefinite delay in making a demand on the carrier.
 
 
 10
 Furthermore, where a claimant's right of action is dependent on his making a demand and no time period is specified in the parties' agreement, the claimant's action is barred if not brought within the statutory period absent peculiar circumstances. Stafford v. Oil Tool Corp., 284 P.2d 937, 939 (Cal.1955); Ginther v. Tilton, 23 Cal.Rptr. 601, 602 (Cal.Ct.App.1962). Irvine failed to bring the suit within the statutory period and has failed to demonstrate peculiar circumstances. Therefore, even if we assume that the policy does not contain a suit limitation clause, Irvine's action is time-barred.
 
 
 11
 AFFIRMED.
 
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3