**GENERAL ELECTRIC CORPORATION, a New York corporation Plaintiff–Appellee,**

v.

**Mokhtar ZIARATI; Resonance Technology, Inc. Defendants–Appellants**

No. 99–56317.
D.C. No. CV–98–0434–MRP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 1, 2001.

Before FERGUSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM[1]

The trial court granted summary judgment on Appellee General Electric's ("GE") "breach of contract/specific performance" claim, ordering assignment of the relevant patents to GE by its former employee, Appellant Mokhtar Ziarati.

The foundation of the district court's judgment was the following conclusion: "Ziarati is obligated under his Innovation Agreement to assign the ... patents to GE." That conclusion cannot be sustained. Ziarati, in his proposed statement of uncontroverted facts, asserted that "the Innovation Agreement does not require that the employee assign patents." For the purpose of summary judgment, GE conceded—both at the trial court and on appeal—Ziarati's proposed facts.

When the matter was called to the attention of the parties during oral argument before this Court, counsel for Appellee did not claim mistake or excusable neglect or seek any relief from this court. Therefore, it stands as a stipulated fact by the parties that the contract did not require Ziarati to assign his patents to GE. That being the case, there could be no breach or specific performance of the contract regarding the assignment of patents.

REVERSED.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.