**GE MEDICAL SYSTEMS, a division of General Electric Company, a New York corporation, Plaintiff-counter-defendant—Appellee,**

v.

**Mokhtar ZIARATI, an individual, Defendant–Appellant,**

**Resonance Technology Inc., a California corporation, Defendant-counter-claimant—Appellant.**

No. 01–57214.

D.C. No. CV–98–03434–MRP.

United States Court of Appeals, Ninth Circuit.

Argued and Submission Deferred July 9, 2002.

Submitted and Decided Aug. 12, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING,* District Judge.

---

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that on two occasions the district court has permitted GE to stipulate to certain facts for the purpose of a summary judgment motion only. That has now resulted in two

MEMORANDUM \*\*

Mokhtar Ziarati and Resonance Technology, Inc., appeal the district court's grant of summary judgment in favor of General Electric Company on its declaratory relief action to enforce an agreement regarding inventions made by Ziarati. We affirm in part, reverse in part, and remand.

■ (1) Ziarati and RTI first assert that the district court erred when it granted summary judgment against them on their statute of limitations defense. We agree. GE admits for purposes of summary judgment that in 1989 it knew that Ziarati had failed to assign the inventions to it and was exploiting them himself, which violated the Innovation Agreement.[1] GE did not bring this action until 1998. Clearly, that was beyond the California[2] four-year statute of limitations for a breach of a written contract. *See* Cal.Civ. Proc.Code § 337(1); *Cochran v. Cochran,* 56 Cal.App.4th 1115, 1120, 66 Cal.Rptr.2d 337, 340 (1997). Moreover, GE did not even make a demand for an assignment within the time provided by the statute of limitations. *See Bass v. Hueter,* 205 Cal. 284, 287, 270 P. 958, 959 (1928); *Ginther v. Tilton,* 206 Cal.App.2d 284, 285–86, 23 Cal. Rptr. 601, 602 (1962); *Ilse v. Burgess,* 28 Cal.App.2d 654, 657, 83 P.2d 527, 528–29 (1938); *Tisdale v. Bryant,* 38 Cal.App. 750, 757, 177 P. 510, 513 (1918). Nor does it

appeals to this court, with concomitant delays, expense, inefficiency, and violation of judicial economy principles. The district court should look on further stipulations of that ilk with a jaded eye.

2. It undisputed that California law applies to this contract action. *See Wade v. Lawder,* 165 U.S. 624, 627, 17 S.Ct. 425, 427, 41 L.Ed. 851 (1897).

help GE to assert that it could not demand the assignment of the patents until they issued because it is pellucid, as GE once stipulated,[3] that the Innovation Agreement did not separately require Ziarati to assign patents; it required him to assign the inventions themselves. A patent is just one way of protecting the right to exclusive use of an invention. *See. e.g.,* Andrew Beckerman–Rodau, *The Choice Between Patent Protection and Trade Secret Protection: A Legal and Business Decision,* 84 J. Pat. & Trademark Off. Soc'y 371, 377 (2002). If GE lost the power to require assignment of the inventions, its ancillary right to Ziarati's aid in garnering patent protection for those inventions was also lost.

■ (2) Ziarati and RTI also claim that the district court erred when it granted summary judgment against them on their laches defense. Again, we agree because the evidence would support a finding that GE inexcusably delayed making a claim against Ziarati and he was severely prejudiced. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* No. 01–55154, slip op. 7995, 8005 (9th Cir. June 4, 2002); *Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 954–55 (9th Cir.2001); *Piscioneri v. City of Ontario,* 95 Cal.App.4th 1037, 1049–50, 116 Cal. Rptr.2d 38, 47 (2002). Similarly, GE's knowledge and long delay, along with Ziarati's change of position in reliance thereon, might well establish an estoppel defense. *See United States v. Garan,* 12 F.3d 858, 860–61 (9th Cir.1993); *SCE Co. v. Pub. Utils. Comm'n,* 85 Cal.App.4th 1086, 1110, 102 Cal.Rptr.2d 684, 701 (2000); *Jovine v. FHP, Inc.,* 64 Cal.App.4th 1506, 1528, 76 Cal.Rptr.2d 322, 338 (1998).[4]

However, we agree with the district court that Ziarati and RTI have not presented clear and convincing evidence of waiver. *See Jovine,* 64 Cal.App.4th at 1527, 76 Cal.Rptr.2d at 338. Nor have they presented evidence of the mutual intent required for a modification or novation. *See Wade v. Diamond A Cattle Co.,* 44 Cal.App.3d 453, 457, 118 Cal.Rptr. 695, 697 (1975); *see also Howard v. County of Amador,* 220 Cal.App.3d 962, 977, 269 Cal. Rptr. 807, 817 (1990).

AFFIRMED as to the waiver, novation, and modification defenses, otherwise REVERSED and REMANDED for further proceedings. Ziarati and RTI shall recover their costs on appeal.

---

**3.** *See Gen. Elec. Corp. v. Ziarati,* No. 99–56317, 5 Fed.Appx. 664 (9th Cir.2001) (unpublished disposition).

**4.** Statements about the facts on the issues we are remanding for further proceedings are based on the summary judgment record. They are not meant to establish those facts as law of the case.